No. 49.—Samuel McWhorter, adm'r of John M. Thompson, deceased, plaintiff in error, *vs.* John F. Beavers, defendant.

[1.] Where property of a defendant in execution is seized and sold by the Sheriff, and there is no warranty of title, on the part of the defendant in execution, or the Sheriff, the maxim of *caveat emptor* applies to the purchaser of property at Sheriff's sale ; and the purchaser at Sheriff's sale cannot maintain an action against the defendant in execution, for so much money paid to his use, on failure of such title to the property so purchased.*

*See *Worthy et al. vs. Johnson et al. ante, page* 236.—[Rep.]

McWhorter *vs.* Beavers.

Assumpsit, &c. in Chattooga Superior Court. Tried before Judge WRIGHT, October Term, 1849.

This cause was submitted, in the Court below, upon the following agreed statement of facts—

" A *fi. fa.* in favor of James Bryson & Co. *vs.* Samuel McWhorter, administrator of John M. Thompson, and others, was levied on a negro woman and child, as the property of Thompson, and sold at Sheriff's sale, under this levy. John F. Beavers became the purchaser, at the sum of $450; which sum of money was applied to the payment of the *fi. fa.* Samuel McWhorter was present when the negroes were sold. Afterwards, Beavers was sued for the negroes, by Robert Caldwell and his wife, who was the daughter of John M. Thompson. Caldwell and wife recovered the negroes, and McWhorter was a witness on the trial of the cause."

The present action was by Beavers against McWhorter, as administrator, to recover the purchase money, as so much paid to the use of the estate.

Counsel for defendant insisted, before the Court below, that the plaintiff could not recover, because there was no warranty, either express or implied, at Sheriff's sale ; that the doctrine of *caveat emptor* applied to all judicial sales; and if the purchaser at Sheriff's sale sustained any loss, there was no one to whom recourse could be had for indemnity.

The Court overruled these positions, and this decision is alleged as error.

W. AKIN, for plaintiff in error.

HOOPER and ALEXANDER, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question presented by the record in this case is, *whether, in* a judicial sale, made by a Sheriff, of the property of a defendant in execution, there is any warranty of title to the property so sold, to the purchaser thereof ? The property of a defendant in execution is seized by the Sheriff, by virtue of judicial process, against his will, and sold under the authority of the law.

There is no warranty of title to the purchaser, *implied*, on the part of the defendant in execution, or by the Sheriff. The maxim of *caveat emptor* applies to the purchaser of property at such sales. *The Monte Allegre Tenant claimant,* 9 *Wheaton's Reports,* 616. *Yates vs. Bond,* 2 *McCord's Reps.* 382. *Murphy vs. Higginbottom,* 2 *Hill's S. C. Rep.* 397.

From the facts in this case, the plaintiff below cannot maintain his action on the ground of mistake. *Davis vs. Hunt,* 2 *Bailey's Rep.* 418. Neither can the plaintiff recover, for so much money paid to the use of the defendant in execution, for the reason that the property was seized and sold, against *his will,* and there exists no *privity* in law, between the defendant in execution, and the purchaser at Sheriff's sale, inasmuch as there was no warranty of title, either express or implied.

Let the judgment of the Court below be reversed.