No. 79.—WILLIAM METHVIN, plaintiff in error, *vs.* JAS. BEX-LY *et al.* defendants in error.

[1.] A lot of land was sold under *fi. fas.* as the property of the defendant in the *fi. fas.* The purchaser paid the Sheriff the purchase-money and went into possession. Afterwards, the title failed and he had to give up possession. He then, in Equity, sued the Sheriff and the defendant in the *fi. fas.* and the plaintiff in the *fi. fas.* for a balance of the money remaining in the Sheriff's hands, after the payment of the *fi. fas.* and which balance the plaintiff in the *fi. fas.* was claiming by virtue of other *fi. fas.* which he had obtained against the same defendant. On demurrer to the bill, the Court dismissed it: *Held,* that the Court did right, but leave given to amend.

In Equity, in Coweta Superior Court. Demurrer. Decided by Judge WARNER, September Term, 1854.

William Methvin filed his bill in Coweta Superior Court against James Bexly, Sheriff of said county—Spencer Riley and Alpha Martin alleging that in April, 1850, the said

Bexly, as Sheriff of said county, sold lot of land, No. 222, in the 1st dist. of Cowcta County, under two *fi. fas.* issued in favor of Riley, against the said Martin, from a Justice's Court in Bibb County, one for $21 07 principal, and the other for $20 19 principal, for the sum of $145 50, which sum, after paying off the *fi. fas.* left in the hands of the said Bexly Ninety-one Dollars, which has never been claimed by any person. The bill alleges. that complainant was the purchaser of the land at said sale, and paid the purchase-money to the Sheriff; that an action of ejectment was brought to the March Term, 1851, of the Superior Court of said County of Coweta, by Jas. F. Slatter and Thomas Napier, against Edmond Adcock, tenant in possession, for the recovery of said lot of land—the said Adcock being the tenant of complainant. The bill further alleges, that the plaintiff in said ejectment cause, held a perfect chain of title to the said land, and that Alpha Mather never did have any title to the same; that the said action of ejectment has been settled by the parties, and the land given up by complainant, upon the ground that the said plaintiffs held the legal title to the same; that pending the said action of ejectment, complainant inquired of Riley as to the residence of Martin, but never could obtain any satisfactory information from Riley.

The bill further charges, that at the September Term, 1852, of said Court, complainant instituted a rule against the Sheriff for the balance of the purchase-money in his hands, which is now pending; that Riley subsequently obtained more executions against Martin, and upon them claims the balance of the purchase-money; that the Sheriff refuses to pay over the money to complainant under the rule, alleging that he has the said *fi. fas.* in his hands, claiming the money.

Complainant further states, that he has no means of knowing where the said Martin lives, but expressly charges that if there be such a person, he lives out of the jurisdiction of the Court, or has gone to parts unknown.

The bill prayed that the Sheriff, Bexly, be enjoined from

paying the said ninety-one dollars to Riley, and that he be decreed to pay over the same to complainant.

To this bill, a general demurrer was filed. At the hearing, the Court sustained the demurrer, and Counsel for complainant excepted.

JNO. W. POWELL, for plaintiff in error.

, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] This bill, as it stands, has in it no equity. It contains no allegation, going to show the perpetration of any fraud on the purchaser, or going to show the invalidity of the judgments on which the *fi. fas.* were founded. The only thing it complains of is, that the defendant in the *fi. fas.* had no title to the property sold under the *fi. fas.* and purchased by the complainant. But this is no ground for an action, either at Law or in Equity. If it had been, Martin, the defendant in the *fi. fas.* himself, who had sold this land to the complainant, and who had made him a quit claim deed to it, and put him in possession of it, and who had himself received the purchase-money for it, the complainant, on failure of the title, would have had no right of action against him, Martin. In such a case, the maxim of *caveat emptor* would have governed. (*Broom's Leg. Max.* 354, 366, *and cases cited.*)

And the sale by the Sheriff could amount to no more than would such a sale as this by the defendant in *fi. fa.* if such a one had been made by him, have amounted to. The Sheriff, in such a sale, acts as agent of the defendant in *fi. fa.* to convey such title as the defendant has, if he has any, to the purchaser. He has no power to bind such defendant, by any warranty of title or other covenant.

The Court below was right, therefore, as we think, in sustaining the demurrer for want of equity, to this bill.

But as the Counsel for the plaintiff asks leave to amend the bill by allegations, to the effect that Martin, the defendant in the *fi. fas.* was a fictitious person, and that Riley, the plaintiff in the *fi. fas.* induced the complainant to purchase the land by fraudulent representations or fraudulent conduct, we think the complainant ought to have the leave; and that if he can so amend his bill, it ought to be re-instated.