Fulcher vs. Felker.

## FULCHER *vs.* FELKER.

A sells to B a tract of land at full valuation incumbered with a judgment lien, to satisfy which, the land is sold by the sheriff, leaving a surplus, after satisfying the principal interest and cost of the *fi. fia.* Upon a rule against the sheriff, and at the instance of A, *held* that B, the purchaser, and not A, was entitled to this balance.

Rule against sheriff, from Catoosa county. Decision by Judge Crook, at November Term, 1858.

Jesse Felker, the sheriff of Catoosa county, under and by virtue of an execution in favor of Jacob Keiralff, against William Fulcher, levied upon and sold a tract of land as the property of the defendant, and there remained in his, the sheriff's hands, after satisfying the *fi. fa.* the sum of seven hundred and twenty-five dollars.

Fulcher vs. Felker.

Fulcher, the defendant in *fi. fa.*, ruled the sheriff, to show cause why he should not pay over to him this balance in his hands.

The sheriff answered the rule and showed for cause, that the said fund was raised by a sale of land belonging to defendant at the date of the judgment, but which land was subsequently, and before the levy and sale, sold by defendant to Carroll A. Cloud, who was in possession of the same at the time of the sheriff's sale, and who became the purchaser at that sale for a sum or price more than sufficient to satisfy the said *fi. fa.* by the amount of seven hundred and twenty-five dollars. That said land had been conveyed to said Cloud by deed from Fulcher, as above stated, and the *fi. fa.* under which it was sold was the only one against Fulcher. That he, the sheriff, therefore permitted Cloud as the vendor and granted by deed from Fulcher, after paying up enough to satisfy said *fi. fa.* to retain the balance of his bid; and respondent is advised that after thus satisfying the said *fi. fa.* the surplus or residue rightfully belonged to Cloud.

Upon this answer the court discharged the rule, and counsel for Fulcher excepted.

SPRAYBERRY & THATCHER, CULBERSON, and WALKER, for plaintiff in error.

MCCONNELL, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Can there be any doubt that Cloud, by going into a court of equity, would be decreed to retain the balance of the money for which the land was sold, after satisfying the principal, interest and cost of the *fi. fa.* ? We apprehend not. The same principle should govern then in the decision of this motion. Cloud bought and paid Fulcher,

the defendant in execution, for the land.   He went into possession.   But it was incumbered by the older lien of the judgment.   This he was obliged to discharge.   Having done this, was he not entitled to hold on to the surplus of the sale?   What claim had Fulcher to it?   He had sold and conveyed to Cloud and received the full value of his property.   Fulcher's deed is an order to the sheriff, executed in the most solemn form, to account with Cloud for the money in his hands.   Cloud is entitled not only to retain this, but to sue and recover from Fulcher the amount that he has been compelled to pay for his use.

If Fulcher chose to traverse the return of the sheriff, and contest the title of Cloud, he had ample opportunity to do so.   He not only tendered no issue, controverting the facts, but by his silence acquiesced in the truth of the sheriff's showing.   The sheriff, it is true, failed to collect the $725 at his peril.   The facts of the case having justified him, he is protected.

Judgment affirmed.