## COLLIER *vs.* PERKERSON *et al.*

1. Mistake of Law is a good defence against an action to recover money, under a contract of purchase, where there is a full knowledge of all the facts, *provided*, the mistake be clearly proven, and the plaintiff can not, in good conscience, receive the money sued for.

2. This defence is available (the proofs being clear and indisputable,) in an action brought by a Sheriff for the use of a defendant in execution against the first purchaser at a Sheriff's sale, to recover the difference in amount between the first and second sale, under the Act of the 27th December, 1834. *Cobb's Digest*, 513.

Debt, in Fulton Superior Court. Tried before Judge BULL, at the April Term, 1860.

This case came up and was heard, upon the following state of facts, to wit:

On the 18th day of July, 1854, Patterson M. Hodge executed and delivered to Meredith Collier a mortgage deed for "City Lot, No. 49, in block number 2, in the city of Atlanta, being part of lot of land No. 51, in the 14th district of originally Henry, then Fulton county, which city lot fronts on Ivy street, and containing one-half acre, more or less," for the purpose of securing the payment of a promissory note, made by the said Hodge, payable to said Collier or bearer, dated the 18th of July, 1854, and due one day after date, for six hundred dollars. The mortgage was duly recorded in the office of the clerk of the Superior Court of Fulton county, on the 1st day of August, 1854.

After the date of the mortgage, Thomas W. Connally, as administrator of Cornelius M. Connally, deceased, recovered several judgments, in a Justice's Court, of said county of Fulton, against the said Patterson M. Hodge, as principal, and Ambrose B. Forsyth, as security.

From these judgments *fi. fas.* were issued and levied upon the mortgaged premises, as the property of the said Hodge.

When the property was exposed to sale by the Sheriff, notice was publicly given that the same would be sold, subject to the mortgage lien of the said Collier, and at the sale, the said Collier, being the highest and best bidder, the property was knocked off to him, at the price of nine hundred and thirty-one dollars.

**ACTION BY SHERIFF—DEFENSE.** "That parties have a right to claim the proceeds of the sale at any time before the money is paid out by the sheriff." With this proposition as applied to money actually in the hands of the sheriff, we have in this case no concern, and must not be understood as dissenting from it in that sense. We, however, distinguish money in the sheriff's hands, from money for which he is compelled to sue, and the recovery of which may be resisted on various grounds. An idea seems to obtain, to a greater or less extent, that nothing more is necessary to insure a recovery under this statute, than to prove a sale by the sheriff with competent authority, and that the defendant made the last or highest bid, and then failed or refused to comply with the bid. In Collier *v.* Perkerson, at the present term, we have given a different construction to the statute, holding that the Legislature did not intend to make the particular class of contracts embraced in its provisions more sacred than any other—did not intend to deny to the party sued a defense." Glenn *v.* Black, 31 Ga. 399.

"Where a sheriff sold lands under two fi. fas., and it was bid off by the plaintiffs in one of them, who refused to comply with the terms

Immediately after the property was knocked off, the said Collier stated, that he had bid for the same under a mistake; that he thought that the money arising from the sale would first be applied to the payment of the sum due on his mortgage, and the balance to the judgment creditors, but upon being informed that he could claim no part of the money on his mortgage, he declined taking the property, and stated to the sheriff that he could sell it over again, as he, Collier, had bid for it under a misapprehension of his rights.

The property was forthwith sold again, and purchased by Willis Carlisle, at and for the sum of three hundred and seventy-five dollars.

The second sale occurred before the sheriff left the block, and before any of the bidders had gone away from the place of sale, the only bidders being the said Collier and Carlisle, and the only bid made at the second sale being that made by Carlisle, who was the brother-in-law of said Hodge.

Thomas J. Perkerson, then sheriff of Fulton county, instituted an action of debt in the Superior Court of said county, to recover, for the use of the said Hodge, the difference between the amounts of the first and second sale.

On the trial of said action, the plaintiff introduced the *fi. fas.*, with the levies on the lot, and also proved the regular advertisement of the sale, and that the two sales occurred, and that the property was bid off, first by Collier, and secondly by Carlisle, as before stated, and that the notice and statements were made by Collier, as to his mortgage, which are herein before detailed, and closed his case.

The defendant, Collier, then offered in evidence the note and mortgage aforesaid, his counsel stating at the same time that he was prepared and expected to prove that the property sold for its full value, taking the amount of the mortgage into consideration; and that, so soon as the said Collier was informed by an attorney that he was bidding under a misapprehension, he did not make another bid, and that the said Willis Carlisle, the other bidder, was also laboring under the same mistake, and that so soon he was informed of the mistake, he did not make another bid.

The Court below rejected the mortgage, and refused to allow the defendant to make the proofs thus offered and proposed to be made, and the defendant excepted.

The defendant then moved the Court to continue said case,

of the sale, and nothing was paid on their bid, and the sheriff then levied upon the property by virtue of two older fi. fas. in favor of wholly different plaintiffs against the same defendant, advertised it for sale at the risk of the bidders, and at the sale under this new levy the same bidders purchased the property at a less price, complied with the terms of that sale and took a conveyance from the sheriff, this **did not fall within the provisions of §5466 of the Code of 1895**, so as to give a right of action in the name of the sheriff for the use of the defendant against the bidders for the difference between the amounts

for the purpose of enabling him to file a bill in equity, to relieve himself from the mistake so made, as aforesaid, stating to the Court that he was prepared to prove that he bid at said sale under a misapprehension of his legal rights, and that the said Hodge, for whose use the action was brought, had sustained no damage by the defendant's failure to take said property at his bid, because the same brought its full value at the second sale, being sold subject to his mortgage.

The Court overruled the motion and refused the continuance, holding that the defendant was not entitled to any relief in Equity, from the facts stated; to which ruling and refusal the defendant excepted.

The evidence being closed, the jury, after receiving the charge of the Court, returned a verdict in favor of the plaintiff, for the sum of five hundred and fifty-six dollars, with costs of suit.

The defendant assigns error upon the several rulings and decisions of the Court, and seeks, by the writ in this case, a reversal of the same.

EZZARD & COLLIER, for the plaintiff in error.

J. M. & W. L. CALHOUN, for the defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

This action was instituted under an Act of the General Assembly, approved December 27, 1831, entitled: "An Act defining the liability of purchasers, at executor's, guardian's, administrator's and sheriff's sales, when they refuse, or fail to comply with the terms of such sales."

The defence set up was, that the defendant bid off the property under a mistake of law, as to his rights. In support of his defence, the defendant offered proof that he and the only other bidder both bid under the impression that the proceeds of the sale would be applied first to the satisfaction of defendant's mortgage—the lien of which was older than that of the judgment under which the sheriff sold the property, but which had not then been foreclosed—and afterwards to the satisfaction of the judgment. He did not know (though he and all present were cognizant of the existence and the superior lien of his mortgage) the legal consequence of his

of the two bids; nor, under the general law, would the action lie."
Barlow *v.* Toole, McGarrah & Toudee, 80 Ga. 9, 11.
    **MISTAKE OF LAW AS A DEFENSE.** "On the argument here, counsel for the plaintiff in error contended that a **creditor is, in equity entitled to be relieved** from the consequences of his voluntary acts, **when** it appears, as at the case at bar, solely because of a misapprehension, on his part, of the law of the land, he in good faith pursues a line of conduct which, instead of inuring to his benefit, as he expected, by giving him a preference over other creditors of his debtor, has the legal effect of placing them in a more advantageous situation than they would have occupied had he taken the proper steps to subserve his

bid would be, the payment of the full amount so bid, to be appropriated, first, to the satisfaction of the judgment creditors' demand, and then to the uses of the defendant in execution, leaving him, as his only means of satisfying his mortgage, recourse upon the very property which he had already purchased at its full value.

The Court refused to receive this evidence, and also refused to continue the cause, that he might seek redress in equity. And to these rulings, denying him relief in either jurisdiction, defendant excepted. The refusal to continue, with a view to change of jurisdiction, was proper, for the reason that, if plaintiff's claim was unfounded, defendant's remedy at law was ample.

But was the Court right in denying his defence in the action pending?

It was argued with much earnestness that the terms of the statute are positive—that liability to pay the difference between the amounts of the first and second sales, is the inevitable consequence of failure or refusal to pay the purchase money of the first sale. The usee in this action is the defendant in execution—the previous owner of the property, the plaintiff in execution, having been satisfied by the resale. Suppose, instead of the defence here set up, the defendant had pleaded and proven that he had been induced to bid for the property more than its value, by false and fraudulent representations of the plaintiff's usee, regarding the property, its location, the improvements upon it, or other elements of value. Surely, in such a case it would not be insisted that in legislative intendment the plaintiff should take advantage from his own wrong. Then there is no such inevitable consequence resulting from the statute. The intention of the Legislature was to give a more summary remedy in such cases, not to make contracts entered into at such sales more sacred than all others.

The only remaining question, then, is, whether mistake of law, the facts being clearly understood, is a good defence to an action brought to enforce a contract. The principle involved has been settled by this Court.

In the case of *Culbreath vs. Culbreath, 7 Geo. Reports,* 64, it was decided, that "money paid by mistake of law, may be recovered back, in an action for money had and received, where there is a full knowledge of all the facts; pro-

interests. In support of this contention the following cases were cited and relied on: Culbreath *v.* Culbreath, 7 Ga. 64; Wyche *v.* Greene, 16 Ga. 49; Adams .*v.* Gierard, 29 Ga. 651; Lucas *v.* Lucas, 30 Ga. 191; Collier *v.* Perkerson, 31 Ga. 117; McCrary *v.* Austell, 46 Ga. 450; McCallum *v.* Brandt, 48 Ga. 439; Langston *v.* Aderhold, 60 Ga. 376; Werner *v.* Rawson, 89 Ga. 619; Bohler *v.* Verdery, 92 Ga. 715; DuBignon *v.* Brunswick, 106 Ga. 317; Woodside *v.* Lippold, 113 Ga. 877. A casual examination of the rulings made in these cases will suffice to show that while

Collier vs. Perkerson et al.

*vided,* the mistake is clearly proven, and the defendant cannot, in good conscience, retain it." The same principle, precisely, pervades the following proposition: Mistake of law is a good defence against an action to recover money under a contract of purchase, where there is a full knowledge of all the facts; *provided,* that the mistake is clearly proven, and the plaintiff can not, in good conscience, receive the money.

There was, in the case before the Court, a full knowledge of all the facts at the time of the sale. The defendant, at the trial, took upon himself the onus of proving the mistake clearly; and this done, the inference would be irresistible that the plaintiff could not, in good conscience, receive the money. The defendant offered to prove that the price paid for the land on re-sale (of which the plaintiff received the benefit) added to the sum due upon defendant's mortgage, would make an amount about equal to defendant's final bid at the first sale, and fully equal to the value of the property. The property was sold subject to defendant's mortgage; when, therefore, the property shall have been again sold to satisfy the mortgage, plaintiff will have realized its full value. Should he in this action recover the difference between the two sales, in amount, he will thus (according to the case made in the record), take from defendant all that is due him upon the mortgage. Can he do so in good conscience? We say not that defendant is entitled to a verdict, or that the verdict rendered was wrong. That must depend upon the proofs made. But, believing that this case is within the ruling in *Culbreath vs. Culbreath,* we hold that the Court below erred in ruling out defendant's evidence, thereby denying him his defence, and for that reason reverse the judgment.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be reversed, because the Court erred in rejecting evidence, offered by the defendant, to show that he had purchased the property for which he was sued under a mistake of his legal rights; and in holding that such mistake, if clearly proven, could not avail him as a defence in this action, and, further, that the judgment and verdict in the Court below be set aside, and a new trial ordered.

this court has constantly recognized that relief against mistakes of law, as well as mistakes of fact, may under certain circumstances be granted by a court of equity, **in no instance has this court held that such relief can be granted to a party who,** like the plaintiff in error, **offers no better excuse for his failure to take proper steps to protect himself than that he was ignorant as to the law** and supposed he would acquire an advantageous position by voluntarily doing precisely what he ought not to have done in attempting to gain and preserve a preference." Atlanta Trust & Banking Co. *v.* Nelms, 116 Ga. 923-4.