LOWE *v.* RAWLINS *et al.*

Though property be sold at a judicial sale under a junior mortgage and purchased by the junior mortgagee, the proceeds of the sale belong to the debtor, under the maxim *caveat emptor,* and if applied by the court to liens superior to both mortgages, and the property be afterwards sold under the senior mortgage, there is, when the proceeds of the second sale come up for distribution, no right of subrogation in the junior mortgagee as purchaser at the first sale, to the position originally held by the owners of the superior liens discharged out of the proceeds of that sale.

July 8, 1889.

Sales. Mortgages. Liens. Money rule. Subrogation. *Caveat emptor.* Before Judge KIBBEE. Pulaski county. At chambers, December 31, 1888.

Reported in the decision.

DeLACY & BISHOP and R. F. LYON, for plaintiff in error.

E. A. SMITH and L. A. HALL, *contra.*

BLECKLEY, Chief Justice.

This case presents but a single question. Personal property was mortgaged twice and sold twice. The first sale was under the junior mortgage, and the mortgagee was himself the purchaser. He paid the money to the sheriff, and a part of it was applied, by judgment of the court, to the discharge of certain liens which were superior to both mortgages. Afterwards the property was seized and sold under a *fi. fa.* founded on the senior mortgage,

and the proceeds of this sale being in court for distribution, the junior mortgagee claimed to be subrogated to the rights of the holders of the superior liens which had been satisfied out of the proceeds of the first sale.   The denial of this claim is the foundation of the present writ of error.   The rule of *caveat emptor* as to all purchasers at judicial sales, is not only recognized by many decisions of this court, (see *Mc Whorter* v. *Beavers,* 8 *Ga.* 300; *Worthy* v. *Johnson, Id.* 236; *Methvin* v. *Bexly,* 18 *Ga.* 551; *Colbert* v. *Moore,* 64 *Ga.* 502,) but is expressly declared by statute (code, §2622).   We think a necessary result of the rule is, that the money produced by a sheriff's sale is to be regarded, not as the money of the purchaser, but as that of the defendant in *fi. fa.*   Consequently, when the proceeds of the first sale were applied to these superior liens, the money of the mortgagor was used and not the money of the mortgagee. The purchaser at that sale did not have any advantage as · purchaser by reason of his being the junior mortgagee.   His money, when paid in on the purchase, stood just as the money of any other purchaser would have stood; and it makes no difference whether he knew or did not know that the older mortgage was unsatisfied and might be used to sell the property away from him.   That risk is covered by the maxim *caveat emptor.*   He was bound to beware, not only of the state of the title, but of all incumbrances superior to his own mortgage.   There was no fraud, concealment or misrepresentation by any person authorized to speak for the owner of that mortgage.   Granting that the sheriff said, on making the first sale, that the older mortgage was paid or settled, that could not affect the owner of the incumbrance.   There is no complaint that the mortgage was not duly recorded.   It is said that the assignment by the mortgagees to the present holder was not recorded, but there is no law requiring such assignments

v 83-21

to be recorded.  We feel constrained to agree with the court below, and to hold there is no case for subrogation made out in this record.        *Judgment affirmed.*