### 7180. DANIEL *v.* BURSON.

1. The terms of the instrument upon which the suit was based precluded any defense resting upon fraudulent misrepresentations made prior to the writing; and a waiver of all warranties, both express and implied, includes a waiver of latent defects in the article purchased.

2. There is no merit in the exception to the effect that the instructions of the trial judge withdrew from the jury the defense that the instrument which was the basis of the suit was obtained through fraud. The statement that fraud was committed is a mere conclusion of the pleader, unsupported by the allegation of such facts as would show that a fraud was actually committed. As matter of pleading, fraud is alleged, not by nomenclature, but by stating facts which show its existence.

3. The charge of the court is not in violation of the provisions of section 4863 of the Civil Code.

4. The verdict is supported by evidence and there was no errr in refusing a new trial.

DECIDED APRIL 25, 1916.

Complaint; from city court of Jefferson—Judge West presiding. November 2, 1915.

*Ray & Ray,* for plaintiff in error.

*Wolver M. Smith, Thomas J. Shackelford,* contra.

RUSSELL, C. J. This is a suit by Burson against Daniel upon a note given by the latter for the purchase-price of a mare. When this case was heretofore before this court (*Daniel* v. *Burson,* 16 Ga. App. 39, 34 S. E. 490), we held that the trial judge erred in sustaining an oral motion to strike the defendant's plea that the contract had been rescinded, and in thereafter directing a verdict in favor of the plaintiff. The defendant pleaded total failure of consideration, and also that there was a subsequent rescission of the contract. In our former ruling, however, we held that the plea of failure of consideration was not available, because the defendant had specifically waived all warranties, both express and implied. The effect of the decision was merely to require a trial by a jury on the issue raised by the plea that the contract had been rescinded, which we held to be sufficient to withstand an oral motion to strike. On the trial now under review the investigation into the merits seem to have been conducted in accordance with the rules of law announced in our previous decision, and there is sufficient evidence to support the verdict.

There are several assignments of error complaining of instructions by the trial judge, but only one of them is insisted upon in the brief of counsel, and consequently no ruling is invoked except as to the specific point argued in the brief of counsel. It is insisted that a new trial should have been granted because the presiding judge "intimated and expressed an opinion to the jury in his charge as to the verdict they should render, the charge intimating and expressing an opinion that the jury should find a verdict against the defendant, J. F. Daniel, now plaintiff in error." Of course, under the provisions of section 4863 of the Civil Code, a new trial is mandatory when the charge violates these provisions, but we fail to see in the charge before us any suggestion to the jury as to what their verdict should be.

The complaint is made that the instruction upon which error is assigned in the first ground of the amendment to the motion for new trial excluded the defense of fraud, as well as strongly intimated that the jury should find for the plaintiff. The answer does not contain any plea of fraud. It is true that in the answer to paragraph 2 of the plaintiff's petition there is a statement that the defendant "is not indebted in any manner and form as alleged, for the reason the note, the basis of this suit, was obtained through fraud." It is well settled, however, that the defense that a note or other contract was obtained through fraud can not be set up by merely alleging that such was the case. The plea must go further and set forth a state of facts constituting fraud in law, and it is really immaterial whether there is a statement in terms that the facts alleged constitute fraud or not, the really essential thing being an allegation of such facts as show that a fraud was really committed, whether it be so denominated or not. In this case, though it is stated in the defendant's answer that the note was obtained by fraud, the answer proceeds merely to state the terms of certain oral warranties alleged to have been made by the plaintiff, which are squarely in conflict with the terms of the writing. In the written contract (the execution of which is admitted by the defendant) all warranties, both express and implied, as to the soundness of the animal purchased were waived, and he was therefore estopped, by the rule of sound public policy contained in our code, from introducing any evidence in support of the allegations of his answer as to prior representations of the plaintiff in regard to the qualities of the mare, and could derive no benefit from these alleged statements. There is no allegation in the answer, nor was there any proof on the trial, to support a contention that the defendant was induced by fraud to sign the contract. The mere statement that the plaintiff made untrue representations as to the quality of the horse, prior to the execution of the note in question, is immaterial, for the reason that in making his contract the defendant waived these and all other warranties. In other words, he admitted in writing that he bought the horse upon his own judgment. Therefore the distinction between latent and patent defects, insisted upon by learned counsel for plaintiff in error, make no difference in this case. As was practically held when this case was here before, the only real issue was as to whether the

contract had been abrogated by a rescission. Upon this point the evidence was in conflict, but the jury were fairly and correctly instructed, and, they being the sole judges of the credibility of the testimony, this court is without jurisdiction to set aside their verdict, approved by the trial judge.

The charge of the court that "though there was a defect of the animal, if Daniel bought the horse and there was a waiver of warranty, both express and implied, and that he waived all war-, ranty and took the horse after having waived the warranty, both as to patent defects and latent defects, and took the horse just as it stood, and agreed in his contract that he would waive any warranty, either express or implied, then it does not make any difference what the horse afterwards proved to be, he would be estopped from raising any question on that point, and would have to pay his note in accordance with his contract," is not subject to exception as being expressive of an opinion on the part of the judge as to the nature of the finding to be reached by the jury. It was a correct preliminary instruction, necessary to direct the attention of the jury to the only substantial issue in the case. The only issue in the case, under the plea, was as to whether, after the maturity of the note, there was a rescission, by the terms of which Burson agreed to take back the mare and return to Daniel his note.                                        *Judgment affirmed.*