## 8781. ADAIR & McCARTY BROTHERS INCORPORATED v. CENTRAL BANK & TRUST CORPORATION.

A banking corporation received from another bank (its customer), for collection, a check apparently duly indorsed by the payee and by the forwarding bank. The receiving bank in turn indorsed the check and presented it to the drawee bank, by which it was paid. The receiving bank then, in good faith and without notice or knowledge of any defect or failure of title, fully accounted to its customer for the proceeds of the collection. Afterward the payee and owner of the check (whose name had been indorsed thereon by its selling agent without notice and without authority so to do) brought an action against the bank first mentioned, on an implied contract for money had and received. *Held,* that the payment of the proceeds of the collection by the defendant bank to its customer, in good faith and without notice or knowledge of any defect in the title to the check, was a complete defense to the action. The ruling would be otherwise had the suit been for wrongful conversion of the check, unless ratification were shown.

                    DECIDED SEPTEMBER 13, 1917.

Certiorari; from Fulton superior court—Judge Bell. March 28, 1917.

The plaintiff was the owner and holder of a note payable to its order, made by Henderson & Vandegriff, of Nacoochee, Georgia, and instructed one of its traveling salesmen, Powell, to call on the makers of the note and collect it. He was authorized to accept

either a check or currency, as the makers might prefer. He did not have the note in his possession. On April 13, 1916, he was given a check by the makers, payable to the order of the plaintiff. Without notice to the plaintiff or authority so to do, Powell indorsed the check in the name of the plaintiff, and cashed it at the bank of the Clermont Banking Company, of Clermont, Georgia. That bank forwarded the check to the Citizens Bank of Gainesville, which indorsed and in turn forwarded the check to the Central Bank and Trust Corporation, of Atlanta, the defendant. The defendant in turn indorsed the check and sent it through the Atlanta Clearing House to the drawee, the White County Bank, of Cleveland, where it was paid on April 18, 1916, and charged to the account of the makers. The defendant did not at any time own any interest in the check, but acted as an agent in collecting it. When the defendant received from the drawee bank the proceeds of the check, it accounted for them to the Citizens Bank of Gainesville; and it knew nothing of any irregularity in the indorsement for several months thereafter. After the giving of the check, the plaintiff by letter called on the makers of the note to pay it, and was notified that it had been paid by check to Powell, and that the check itself had been paid. The plaintiff then wrote to the makers that if Powell had received the check and indorsed it in the plaintiff's name and collected the proceeds, and if the makers would send to the plaintiff the check bearing such indorsement, the plaintiff would mark the note paid and surrender it to the makers. The makers complied with this proposal, and the plaintiff canceled the note and returned it to the makers, with full knowledge of all the circumstances relating to the indorsement and collection of the check. The plaintiff thereafter called on Powell to pay over to it the proceeds of the check, and he promised to do so. After some delay he disappeared; and the plaintiff called upon the defendant to make good the amount of the check, the defendant refused to do so, and suit was brought in the municipal court of Atlanta. A judge of that court, sitting without a jury, heard the facts and gave judgment in favor of the defendant. The superior court, on certiorari, affirmed the judgment of the municipal court, and the plaintiff excepted.

*Smith, Hammond & Smith,* for plaintiff in error.
*Candler, Thomson & Hirsch,* contra.

GEORGE, J.   We are not prepared to say that the act of the plaintiff in cancelling the note and delivering it to the makers, with full knowledge of the foregoing facts, and its effort to collect the proceeds of the check from its agent, Powell; and its delay of several months in notifying the defendant of Powell's lack of authority to indorse the check, did not amount to a ratification of the unauthorized indorsement.   It is true that ratification is disclaimed, but one may disclaim and yet ratify.   The issue was for the judge who heard and determined the facts of the case.   Even though the facts be undisputed, yet, if different inferences may be drawn from the facts proved, the question is for the jury.   Compare *Dixon* v. *Bristol Savings Bank,* 102 *Ga.* 461, 468 (31 S. E. 96, 66 Am. St. R. 193).   On the question of ratification, it must be borne in mind that Powell was the admitted agent of the plaintiff, with authority to collect the note, and to receive in payment thereof either the cash or a check.   He therefore merely exceeded his authority when he indorsed the check in the name of the plaintiff.   If, under any view of the evidence, the question of ratification is one of fact, that question has been determined by the trial court adversely to the plaintiff.   We do not, however, hold that the plaintiff ratified the indorsement of the check by its salesman.

If the plaintiff did not ratify the unauthorized indorsement, it clearly elected to waive the tort and sue in assumpsit upon an implied contract for money had and received.   This election is made manifest by the plain and unambiguous language of the petition filed on its behalf, wherein it is alleged that the defendant is "indebted" to the plaintiff in the principal amount of the check, together with legal interest from a date stated.   Furthermore, it is expressly averred that "said proceeds of said check are held for the use of plaintiff as the rightful owner of said check, and this suit is brought to recover same."   The prayer of the petition is for the recovery of the amount of the check, with interest.   The suit does not ask for "damages," but is an action for money had and received.   An action of this character is based on the theory of an unjust enrichment of the defendant, and upon an implied promise on the part of the defendant to pay to the plaintiff that which it has received, and which in law and in good conscience belongs to the plaintiff, and not to the defendant.   It is inequitable that one should retain money which equitably belongs to another.   It is un-

disputed that, long before the defendant had notice or knowledge of the irregularity in the indorsement, the check had been duly collected and the proceeds fully paid to the Citizens Bank of Gainesville. The defendant was a mere collecting agent of the Citizens Bank of Gainesville. In an action for the wrongful conversion of the check the defendant would be liable. Since the plaintiff has elected to waive its action in tort, and has sued upon an implied contract, and since the defendant, without notice or knowledge of plaintiff's rights in the premises, has fully accounted to its principal for the proceeds of the check, the judge of the superior court, in our opinion, rendered the proper judgment. *Pratt* v. *Foster,* 18 *Ga. App.* 765 (90 S. E. 654); *Rogers* v. *Durrence,* 10 *Ga. App.* 657 (73 S. E. 1083); *Alexander* v. *Coyne,* 143 *Ga.* 696 (85 S. E. 831, L. R. A. 1916D, 1039); *Cowart* v. *Fender,* 137 *Ga.* 586 (73 S. E. 822, Ann. Cas. 1913A, 932).

     *Judgment affirmed. Wade, C. J., and Luke, J., concur.*