### 16151. STERN *v.* HOWELL.

BROYLES, C. J. 1. "Payments of taxes or other claims, made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property." Civil Code (1910), § 4317.

2. Even where money is paid under a mistake of fact, or in ignorance of facts, it can not be recovered, unless the circumstances are such that the party receiving it ought not, in equity and good conscience, to be allowed to retain it. *Atlanta Telephone & Telegraph Co.* v. *Fain,* 16 *Ga. App.* 475 (2) (85 S. E. 791), and citations.

(*a*) The expression, "in equity and good conscience," as above used, refers only to the acts and intentions of the person receiving the money as affecting the other party to the transaction. If he has acted in good faith and in good conscience with the person paying the money, he is entitled to retain it, even if his actions and intentions may not have been in good faith and in good conscience as regards other persons not connected with the transaction.

3. Where the only witness introduced to prove a case as laid was the plaintiff himself, whose testimony was so self-contradictory, and in some material respects so improbable, as to require that his entire testimony be construed in the light most unfavorable to him; and there being no other evidence tending to establish his right to recover, and the version of his testimony most unfavorable to his cause showing that the verdict should be against him, and the evidence of the defendant, which was entirely consistent with that version, establishing a complete defense, the verdict for the plaintiff was unauthorized. *Southern Cotton Oil Co.* v. *Shields,* 23 *Ga. App.* 476, 478 (98 S. E. 408), and citations. Under this ruling, the plaintiff's self-contradictory testimony, properly construed most strongly against him, together with the other evidence in the case, demanded a finding that he had not made the payment in question through ignorance of the facts of the transaction, but that he had voluntarily made it after knowledge of the facts.

4. In the light of all the facts of the case, the defendant, in equity and good conscience, was entitled to retain the money paid him, and the plaintiff, in equity and good conscience, was not entitled to recover it. It follows that a verdict for the defendant was demanded, and

that the verdict in favor of the plaintiff was contrary to law and the evidence, and that the court erred in refusing the grant of a new trial. *Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 15, 1925.

Action for money had and received; from Clarke superior court —Judge Fortson. November 12, 1924.

*Green & Michael,* for plaintiff in error.

*T. W. Rucker, Lamar C. Rucker, Gerdine Lumpkin, Carlisle Cobb,* contra.