17219.   CORLEY v. JARRELL, sheriff, for use, etc.

Where land was conveyed by a deed to secure a debt, and the grantee or
   his assignee obtained a judgment against the debtor upon the debt and
   had the land levied on and sold under an execution issued thereon,
   without the filing and recording of a deed reconveying the land to the
   debtor, the levy and sale were void, and one who bid off the land at
   the sale could not be compelled to pay the amount of his bid and accept
   the sheriff's deed to the property.

DECIDED DECEMBER 20, 1926.

Complaint; from city court of Greenville—Judge Revill. Jan-
uary 21, 1926.

*Jones & Strother, N. F. Culpepper,* for plaintiff in error.

*M. Z. O'Neal, R. A. McGraw,* contra.

BELL, J.   Henry Dozier, owner of a parcel of land in the city
of Manchester, conveyed the same to a bank to secure a loan of
money.   He was, or became, indebted also to I. H. Davis who
bought the bank's debt and obtained judgments on both claims.
The land was levied on and sold in October, 1919, to satisfy execu-
tions issued on both judgments.   J. P. Corley, who was the suc-
cessful bidder for the property at $250, subsequently refused to
pay for it.   The sheriff notified Corley that he would resell the
property at his risk, and did resell to one Williams for $150.   The
present action by the sheriff, for the use, was to recover of Corley
the difference between his bid and that at which the property
was resold.   Corley, in an amendment, which the court allowed,
to his answer, alleged that no reconveyance of the property had
ever been made to the defendant in fi. fa., but that the title re-
mained in the bank under the security deed, and that because of
this fact the levy and sale were void and the defendant was not
liable.   The court sustained a demurrer to this amendment, and
struck it, for insufficiency in law.   The trial having resulted
in a verdict and judgment in favor of the plaintiff, the defendant
brought the case to this court, complaining of the order striking
his amendment to the answer and of the judgment overruling his
motion for a new trial.

A security deed conveys the absolute title, and leaves the grantor
no interest in the land which can be subjected to levy and sale
by a creditor.   "Even if it was ever the law of this State that

Executions, 23 C. J. p. 350, n. 13; p. 655, n. 51.
15

a partial payment of the debt would give the grantor in the security deed a leviable interest in the land, or that, even where no part of the debt has been paid, a purchaser at a sheriff sale would acquire the debtor's right to redeem by paying the money to the lender, such has not been the law since the passage of the Act of 1894 [Sections 6037 and 6038]." *Shumate* v. *McLendon,* 120 *Ga.* 396 (8) (48 S. E. 10); *Burkhalter* v. *Durden,* 122 *Ga.* 427 (50 S. E. 144); *Buchan* v. *Williamson,* 131 *Ga.* 501 (62 S. E. 815); *Parker* v. *Home Loan Asso.,* 114 *Ga.* 702 (1) (40 S. E. 724); *Bank of LaGrange* v. *Rutland,* 27 *Ga. App.* 442 (3) (108 S. E. 821). "Where the vendor of land who retained the title obtained against the vendee a judgment for a balance of the purchase money, and had the land levied on and sold under an execution issued upon such judgment, without first filing and having recorded a deed conveying the land to the vendee, the sale was void and one who bid off the land could not be compelled to pay the amount of his bid and accept the sheriff's deed to the property." *McCord* v. *McGinty,* 99 *Ga.* 307 (1) (25 S. E. 667). See also *Hogg* v. *Truitt Co.,* 150 *Ga.* 139 (1) (102 S. E. 826). The levy and sale being void, the doctrine of caveat emptor (see *Pinkston* v. *Harrell,* 106 *Ga.* 102, 31 S. E. 808, 71 Am. St. Rep. 242) is inapplicable. In 23 C. J. 655, § 623, it is said that "while the rule of caveat emptor generally applies to sheriff's sales, yet in order to hold the purchaser liable for his bid, such title as the execution defendant actually had must have passed by the sale; and if the sale from any cause is inoperative to transfer the debtor's interest such as it may be, the purchaser can not be held liable for the amount of his bid." The instant case is to be differentiated from such cases as *McDonald* v. *Ellis,* 17 *Ga. App.* 471 (87 S. E. 711), and *Hogg* v. *Truitt Co.,* supra, in each of which the defendant, because of facts not here present, was estopped from asserting the invalidity of the levy and sale.

The court erred in sustaining the demurrer to the defendant's amendment. This ruling appears, under the record, to be controlling. We have therefore not deemed it necessary to state or decide other questions made.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*