# PITTMAN CONSTRUCTION COMPANY *v.* CITY OF MARIETTA *et al.*

No. 9558. AUGUST 10, 1933. REHEARING DENIED SEPTEMBER 14, 1933.

*A. M. Hitz,* for plaintiff.

*J. G. Roberts, Blair & Gardner, Spalding, MacDougald & Sibley,* and *Sumter M. Kelley,* for defendants.

GILBERT, J. The exception is to a judgment sustaining a demurrer and dismissing a petition praying for equitable relief. The particular relief sought is recovery of $1600 paid to the City of Marietta for property sold at a tax sale, assessed under an act of the General Assembly (Ga. Laws 1917, pp. 757-767), and for cancellation of the marshal's deed conveying the property to the petitioner.

1. A purchaser at a tax sale, as a general rule, does not come within the rule applicable to purchasers bona fide, but rather within the rule of caveat emptor, and is chargeable with knowledge of defects which the record discloses, notwithstanding statements of individuals. Civil Code (1910), § 6054; 3 Cooley on Taxation (4th ed.), 2945, § 1497; 4 Id. 3045, § 1553; *McWhorter* v. *Beavers,* 8 *Ga.* 300; *Methvin* v. *Bexley,* 18 *Ga.* 551; Budge *v.* Grand Forks, 10 L. R. A. 165; *Keen* v. *McAfee,* 116 *Ga.* 728 (42 S. E. 1022); *Saffold* v. *Anderson,* 162 *Ga.* 408 (134 S. E. 81). "Sales under tax fi. fas. shall be made under the same rules governing judicial sales." Civil Code (1910), § 1167.

2. By the exercise of ordinary diligence the petitioner would have discovered all of the defects and irregularities before making the purchase at the tax sale, and at the sale must have known the exact frontage of the property sold.

3. The above rulings control, adversely. to the petitioner, all issues raised, including the question of cancellation of the deed.

4. The court did not err in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*

## ON MOTION FOR REHEARING.

The motion for rehearing contends that the court did not rule on all of the issues raised. It is true that the court did not in detail mention other issues, but concluded that the rulings made controlled all of the issues. See third paragraph, supra. All relief sought by the petitioner depended primarily upon the right in equity to set aside the tax sale at which petitioner became the purchaser of the property mentioned. Without that, none of the other relief sought against either of the parties to this bill of exceptions could be had. Only Standard Oil Company and the City of Marietta are parties defendant in this court.

Movant also argues that where a sale is fraudulent the doctrine of caveat emptor does not apply. In the present case the petition uses this language: "Said execution was irregularly, illegally and fraudulently issued, in that," etc. The facts are then stated. Construing the allegation as to fraud, together with the facts stated, it does not appear that the question of fraud is involved. In view of the motion, the opinion has been amended and additional authorities cited.