26109. HOLBROOK *v.* STEWART *et al.*

Decided April 19, 1937.

*H. S. Brooks, John F. Echols,* for plaintiff.

*John S. Wood, D. Carl Tallant,* for defendants.

SUTTON, J.   In the main, the present case is controlled by the decision of the Supreme Court in *Culver* v. *Lambert,* 132 *Ga.* 296 (64 S. E. 82), where it was said: "Where one borrows money from another, and makes him a deed to land to secure the debt, and the lender sues the borrower upon his failure to pay the debt at maturity, and obtains a judgment against him, before the execution is levied on the land given as security the lender must reconvey the land to the borrower, and have the deed of reconveyance recorded; and a sale made under a levy without such deed of reconveyance is void, and will be set aside at the instance of the borrower. *Benedict* v. *Gammon Theological Seminary,* 122 *Ga.* 412 (50 S. E. 162). The effect of the cancellation of the deed to the purchaser at the sheriff's sale by a court of equity· on this ground is to nullify the proceedings had under the judgment from the time of the illegal levy. The judgment for the debt is not invalidated, but is still enforceabale against the land by a levy of the execution, made after the record of a deed of reconveyance by the lender to the borrower. The parties to the illegal sale may voluntarily do what the courts will decree they shall do; that is, they may voluntarily cancel the illegal sale under the same circumstances where a court of equity would decree a cancellation. It is necessary, however, that a voluntary agreement to cancel a sale of this character shall be participated in by the purchaser at the sheriff's sale. He has been induced by the act of the plaintiff to put his money in the land, and the plaintiff will not be allowed to deprive him of his money, and retrace his illegal steps at pleasure, without restitution or adjustment of the purchaser's rights. *Napier* v. *Saulsbury,* 63 *Ga.* 477. But where the lender who is the plaintiff is also the purchaser at an illegal and void sheriff's sale, we see no reason why he can not treat the sale as void, and proceed in the manner which he should have first adopted in the enforcement of his execution. The defendant can not complain that the plaintiff treats as void a sale which the law pronounces invalid, and proceeds to sell again. The illegal sale

did not change the status; it neither invalidated the plaintiff's judgment, nor divested the defendant's title. If the defendant had appealed to a court of equity to cancel the sheriff's deed to the plaintiff on the ground of the illegality of the sale, he could not equitably claim that the proceeds of the sale should be applied upon his debt. He could not have both the land and its proceeds. The second sale could hardly have had the effect of depressing the price of the land because of the prior illegal sale, since the rights of no new parties were injected into the transaction, and it was manifest that the only purpose was to bring the land to sale in a legal manner, under an execution issuing from a judgment founded on a debt to the plaintiff which the defendant had secured by conveying the land to the plaintiff."

The plaintiff in error contends that the law of caveat emptor applies, and that the execution should be credited with the amount of the first sale, and that he should also receive the proceeds from the last sale. He instituted an equitable proceeding to have the first sale declared void and the sheriff's deed canceled; and when that suit was served on the sheriff and the plaintiff in fi. fa., they voluntarily rescinded that sale, according to the agreed statement of facts. According to the decision in the *Culver* case, supra, the parties to the illegal sale may voluntarily cancel the illegal sale under the same circumstances where a court of equity would decree a cancellation. Unquestionably the first sale was void, and would have been so declared and canceled by a court of equity. And it was said in the *Culver* case: "If the defendant had appealed to a court of equity to cancel the sheriff's deed to the plaintiff on the ground of the illegality of the sale [and the defendant in the present case did so appeal], he could not equitably claim that the proceeds of the sale should be applied upon his debt. He could not have both the land and its proceeds." And in *Pinkston* v. *Harrell*, 106 *Ga.* 102, 105 (31 S. E. 808, 71 Am. St. R. 242), it was said: "The plaintiff in execution, who was alleged to be the purchaser at the sale, can defend by showing either that there was no sale, or a state of facts which would, either legally or equitably, preclude the defendant in fi. fa from claiming any benefit under the alleged sale." The present proceeding is in the nature of a money rule, and is controlled by equitable principles. "Where money is in the hands of an officer, he may pay it over

to the plaintiff by whose process it was raised, unless other claimants deposit their liens with him. Notice to retain, unaccompanied by a lien, is insufficient. Money raised by legal process not being subject to levy and sale, the court in making distribution proceeds upon equitable principles." Code, § 24-211. *Heard v. Adams,* 17 *Ga. App.* 33 (86 S. E. 260) ; *Georgia Realty Co.* v. *Bank of Covington,* 19 *Ga. App.* 219, 222 (91 S. E. 267) ; *Thrash v. Harmon,* 21 *Ga. App.* 98 (94 S. E. 54) ; *Coleman* v. *Slade,* 75 *Ga.* 61, 73; *Continental Fertilizer Co.* v. *Madden,* 140 *Ga.* 39, 41 (78 S. E. 460). Applying the foregoing legal principles to the facts of this case, is the plaintiff in error entitled to have the execution against him credited with the amount of the bid at the first sale which he sought to have canceled, and which was voluntarily rescinded by the parties, and also receive the proceeds from the last sale? We think not. He pledged the tract of land as security for the money he borrowed, and under the facts of this case he is entitled to receive credit only one time for the proceeds derived from the sale of said land, which did not amount to enough to satisfy the execution. This case, under its facts, is different from those cited by counsel for the plaintiff in error, and is controlled by the principles of law herein enunciated, instead of by the principles contained in the cases so cited.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*