38113, 38114.   MILAM v. ADAMS *et al.;* and *vice versa.*

DECIDED JUNE 8, 1960—REHEARING DENIED JUNE 22, 1960.

*James Maddox,* for plaintiff in error.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* contra.

TOWNSEND, Judge. ■ Properly construed, this petition sets out an action for money had and received, which lies in every instance where another has come into possession of money to which the plaintiff is entitled in equity and good conscience, and which the defendant is not otherwise entitled to retain. *Zapf Realty Co. v. Brown,* 26 Ga. App. 443 (106 S. E. 748); *A. D. Adair & McCarty Bros. v. Central Bank & Trust Corp.,* 20 Ga. App. 811 (93 S. E. 542). Even though paid out under a mistake of fact it is recoverable if the recipient by retaining it would be unjustly enriched. *Atlanta Tel. & Tel. Co. v. Fain,* 16 Ga. App. 475 (85 S. E. 791); *Stern v. Howell,* 33 Ga. App. 693 (127 S. E. 775). And even if paid out because of a negligent mistake, this will not prevent recovery if the plaintiff's negligence violates no positive legal duty which he owes the defendant. *Dobbs v. Perlman,* 59 Ga. App. 770 (2 S. E. 2d 109).

The property in question was illegally sold as the property

of the defendant Milam for the reason that there was an outstanding security deed in favor of one Morgan and hence there was no leviable interest in the land in Milam. *Morgan v. Todd*, 214 Ga. 497 (106 S. E. 2d 37). However, in doing so both the plaintiff in fi. fa. and the purchaser were proceeding under a mistake of law, in that they relied on certain acts of the legislature (Code, Ann., § 67-1308) as having caused title to revert to the defendant. In *Todd v. Morgan*, 215 Ga. 220, supra, the acts comprising this Code section were held unconstitutional in so far as they applied to the property in question. The effect of the decision was to affirm the judgment of the trial court in favor of the true owner who sought cancellation of the sheriff's deed in favor of the plaintiff Todd, constituting an adjudication that the sale was void and that Todd received nothing thereunder. It is also an adjudication that the defendant Milam had no legal title to the property and no interest therein which could have been affected by the void sale.

The defendant contends, however, that, since the doctrine of caveat emptor applies to all judicial sales, whether the defendant in fi. fa. has defective title or no title at all, he is entitled to retain the surplus which the sheriff paid over to him, and is thus entitled to be enriched in the sum of $738.75, to which fund he has no claim other than the fact that the money was delivered to him by the sheriff before the sale was adjudicated void. While a purchaser at a void sale cannot recover from the sheriff the sums paid out by him from a sale later adjudicated to be void because of an excessive levy (*Brady v. Smotherman*, 51 Ga. App. 480, 180 S. E. 862), and while such funds when paid into court are considered the money of the defendant when applied to the satisfaction of executions and other liens where the sale is good but the title failed (*McWhorter v. Beavers*, 8 Ga. 300; *Pinkston v. Harrell*, 106 Ga. 102, 31 S. E. 808, 71 Am. St. R. 242), yet, as stated in the *Pinkston* case, the purchaser, when sued on his bid "can defend by showing either that there was no sale, or a state of facts which would, either legally or equitably, preclude the defendant in fi. fa. from claiming any benefit under the alleged sale."

The distribution of the funds arising from the sale in the hands of the sheriff proceeds on equitable principles, taking account of the priorities of the various creditors. Code §§ 39-201; 24-211. Where the parties to a judicial sale conduct the same, and a bid is made, under a mistake of law, the purchaser is not bound absolutely thereby, but may plead the mistake of law as a defense against an action to enforce his first bid. See *Collier v. Perkerson*, 31 Ga. 117, citing as authority *Culbreath v. Culbreath*, 7 Ga. 64, which latter case was an action for money had and received. The defendant in fi. fa. is not entitled to the surplus resulting from a levy and sale simply by virtue of that position, but the surplus is to be paid over to the true owner thereof under equitable principles. *Fulcher v. Felker*, 28 Ga. 252.

This case closely resembles *Holbrook v. Stewart*, 55 Ga. App. 720 (191 S. E. 165) where it was held: "Before an execution can be levied legally on land given as security the lender must reconvey the land to the borrower, and have the deed of reconveyance recorded. A sale made under a levy without such deed of reconveyance is void, and will be set aside at the instance of the borrower. The effect of cancellation of the deed to the purchaser at the sheriff's sale, by a court of equity on this ground, is to nullify the proceedings had under the judgment from the time of the illegal levy."

The doctrine of caveat emptor does not apply where the sale is void and the purchaser, by reason of the invalidity of the sale, on the ground of a void levy, or otherwise, acquires no title. 23 C. J. 655, § 623; 30A Am. Jur. 1009, Judicial Sales, § 181. The case of *Methvin v. Bexley*, 18 Ga. 551, stands for the doctrine that where an execution sale is valid, the purchaser obtains whatever the defendant in fi. fa. had, and under the doctrine of caveat emptor is bound to the contract and cannot recover the purchase money which he paid to the sheriff. The only thing complained of in that case was that the defendant in fi. fa. had no title to the property sold under the fi. fas. There was no contention that the levy or sale was otherwise invalid. The dissent by Judge Stephens, in *Brady v. Smotherman*, 51 Ga. App. 480, 489, supra, states the true law as to the

facts in this case. That case decided that where a levy was excessive the purchaser could not recover from the officer making the sale after the officer had paid the purchase money over to the plaintiff in execution. The ruling by the majority in that case is not controlling in this case because this is not a case of an excessive levy. If the doctrine of caveat emptor applies to the sale in this case the Supreme Court could not have ruled as it did in *McCord v. McGinty*, 99 Ga. 307 (25 S. E. 667). There the court ruled that the sale was void because a deed was not filed and recorded conveying the land to the vendee and that the one who bid off the land could not be compelled to pay the amount of his bid and to accept the sheriff's deed to the property. The court in that case cited four older cases to the same effect. If the rule of caveat emptor applied in such a case, then the purchaser should have been held to be bound by this bid. See *Corley v. Jarrell*, 36 Ga. App. 225 (136 S. E. 177). Without further quoting from Judge Stephens' dissent in the *Brady* case it should read in toto in connection with the decision of this case. See also, Powell on Actions for Land, Revised Edition by Powers & Mitchell, Chapter 10.

It follows that here, the defendant having no legal, moral, or equitable right to the surplus fund in question, after the judicial sale in question has been set aside and the deed canceled, the doctrine of caveat emptor will not preclude an action to recover it of him as for money had and received, brought by or on behalf of one better entitled to it than himself. The first three grounds of demurrer are without merit.

■ Since the right of action to recover the fund is nominally in the sheriff who disbursed it, while the right to the fund is in Todd, the petition should properly have been brought in the name of Adams suing for the use of Todd. Ground 4 of the demurrer based on a misjoinder of parties plaintiff should have been sustained.

■ The conclusion in paragraph 7 that "Because of the ruling [of the Supreme Court in this case] the deed from the plaintiff Adams to the plaintiff Todd is a nullity" is a conclusion of law amply supported by the facts alleged and the decision in that case, and is accordingly not subject to attack.

■ By cross-bill of exceptions error is assigned on the sustaining of a special demurrer to a paragraph alleging that the plaintiff has recovered from the plaintiff in fi. fa. the sum of $1,210 disbursed to her by the sheriff. Since this statement is irrelevant to the cause of action sued upon, it was not error for the court to sustain the special demurrer to this paragraph of the petition.

The trial court did not err in overruling the general demurrer and certain special demurrers to the petition, but erred in overruling special demurrer numbered 4 as pointed out in division 2 hereof.

*Judgment affirmed in part and reversed in part on the main bill of exceptions. Judgment affirmed on cross-bill. Felton, C. J., Gardner, P. J., Nichols, Bell and Frankum, JJ., concur. Carlisle, J., dissents.*

CARLISLE, Judge, dissenting. I dissent from the judgment and decision of this court affirming the judgment of the trial court and holding that the general demurrer to the petition was properly overruled. The Supreme Court, and this court, have in a line of decisions going back to the case of *McWhorter v. Beavers*, 8 Ga. 300, held that where property is sold by a sheriff pursuant to the levy of an execution, there is no warranty of title on the part of the sheriff or of the defendant in execution. In such cases, the maxim of *caveat emptor* applies as to the purchaser of the property, and after the money has been paid to the sheriff and by him distributed pursuant to the rules of law, in the absence of allegations of fact in the petition showing fraud on the part of the defendant in fi. fa., or collusion between him and the plaintiff in fi. fa., or some other equitable reason therefor, the purchaser cannot recover either from the sheriff, the plaintiff in fi. fa. or from the defendant in fi. fa. the amount so paid on account of the failure of the title to the property thus conveyed, or because of any defect therein. *Methvin v. Bexley*, 18 Ga. 551; *Lowe v. Rawlings*, 83 Ga. 320 (10 S. E. 204, 6 L. R. A. 73); *Pinkston v. Harrell*, 106 Ga. 102 (31 S. E. 808); *Keen v. McAfee*, 116 Ga. 728 (42 S. E. 1022); *Pittman Construction Co. v. City of Marietta*, 177 Ga. 573 (170 S. E. 669); *Brady v. Smotherman*, 51 Ga. App.

480 (180 S. E. 862). I do not think that cases exemplified by *Corley v. Jarrell,* 36 Ga. App. 225 (136 S. E. 117), holding that, where the holder of a deed to secure debt fails to reconvey to the defendant in foreclosure prior to foreclosing the same, the sale under the foreclosure is void and the buyer is not compellable to pay the amount of his bid thereon, relied upon by the defendant in error, are pertinent to the question here. Such cases are distinguishable from the instant case in that in those cases the act of foreclosure and the acceptance of the benefits thereunder are the voluntary acts of the party foreclosing on the property, and he cannot take advantage of his own failure to do the thing which the law requires of him as a condition precedent to foreclosing on and selling the property.

There is nothing in the decision of *Todd v. Morgan,* 215 Ga. 220 (109 S. E. 2d 803) which authorizes the conclusion alleged in the petition that the Supreme Court held that the levy was null and void. This allegation, therefore, being unsupported by any facts alleged is not sufficient even as against a mere general demurrer to bring into operation the principle that the rule of caveat emptor does not apply to void sales. *Henderson v. Swift Fertilizer Works,* 16 Ga. App. 448 (1a) (85 S. E. 613); *Daniel v. Burson,* 18 Ga. App. 25 (2) (88 S. E. 745); *Gibbs v. Bank of Tifton,* 21 Ga. App. 653 (1a) (94 S. E. 827). The petition does not allege any other facts warranting the conclusion that the sale in this case was void.

Neither do I think that the present case can be construed as an action for money had and received or for unjust enrichment. Such an action does not lie for money voluntarily paid where the facts are known to the party and where there is no misplaced confidence and no artifice, deception or fraudulent practice used by the other party. *Stein Steel & Supply Co. v. K. & L. Enterprises, Inc.,* 97 Ga. App. 71 (102 S. E. 2d 99). The rule of caveat emptor, as stated above, applying to the sale in this case, the purchaser was charged with constructive knowledge of the facts respecting the title to the property.