JOHNSON v. BERG.

Opinion delivered February 7, 1921.

1. EVIDENCE—HEARSAY EVIDENCE AS TO FACT SHOWN BY ABSTRACT BOOKS.—Testimony by the owner of a set of abstract books as to the date of a certain deed as shown by the abstract books is hearsay where witness did not keep the books himself and could not testify that the entries therein were correct.

2. EXECUTION—CORRECTION OF DEED TO CONFORM TO FACTS.—In an action to recover land purchased at execution sale, where defendant claimed that the sale was void because made after the return day of the execution, but the return showed that the sale was made on the return day, evidence that the deed as recorded recited a sale three days after the return day, but that it had been corrected to show a sale on the return day, was immaterial, as it merely tended to prove that the deed was corrected to conform to the facts.

Appeal from Clay Circuit Court, Western District; *R. H. Dudley,* Judge; affirmed.

STATEMENT OF FACTS.

This is the second appeal in this case. Clara Berg sued W. A. Johnson in the circuit court to recover a tract of land in Clay County, Arkansas. On motion of the defendant the cause was transferred to the chancery court, and a final decree was entered in favor of the defendant, Johnson.

Upon appeal, this court reversed the decree on the ground that the case was improperly transferred to the chancery court. One of the grounds relied upon to sustain the transfer to equity was that there was a defect in the sheriff's deed under the execution sale under which the plaintiff, Clara Berg, claimed. The alleged

defect in the sheriff's deed was that the deed showed that the execution sale was made after the return day of the writ, and that the defendant was entitled to have a reformation of the deed so as to show the true date of the sale. The court said that the contention was not well taken because no issue that the execution sale was void on account of being made after the return day of the writ was made in the answer and that there was no prayer for equitable relief. The cause was remanded to the circuit court. See *Berg* v. *Johnson,* 139 Ark. 243.

Upon the remand of the case it was transferred to the circuit court and there tried before a jury. The original execution upon which the sale of the land was made was introduced in evidence, and the return shows that the land was sold on Thursday, June 21, 1877, after being duly advertised. The advertisement showed that the land was to be sold on Thursday, June 21, 1877. The deed by the sheriff under the execution sale recites that the land was sold on the 21st day of June, 1877.

Counsel for the defendant offered to introduce the deposition of D. Hopson to the effect that he had a set of abstract books for Clay County, Arkansas; that his abstract books showed the sheriff's deed at the execution sale to the land in controversy; and that they show that the sale took place on the 24th day of June, 1877. D. Hopson stated in his deposition that he did not remember whether or not he or some person in his employ copied the deed from the record for his abstract books.

The defendant also offered to introduce C. L. Daniel as a witness. He said that Daniel would testify that he had made his own abstract books insofar as the land in question is concerned; that, if there had been any change in the date of the deed as it appeared on the deed record from the 24th of June, 1877, to the 21st of June, 1877, he would have noted such change on his abstract books; that said Daniel would further testify that in 1906 or 1907 he made a comparison of his abstract books with the deed record for the purpose of correcting any errors

that might appear in his abstract books; that, if the deed record at that time had showed a change in the date on the deed in question from the 24th of June, 1877, to the 21st of June, 1877, he would have noted such change on his abstract books; and that his abstract books did not show any such change.

The court excluded this evidence from the jury. After hearing all the evidence adduced in favor of the plaintiff, the case was submitted to the jury under proper instructions from the court, and a verdict was returned in favor of the plaintiff. The defendant has appealed.

*Oliver & Oliver,* for appellant.

1. The court erred in excluding the testimony of Daniel and Hopson. 35 Ark. 470-81; 34 *Id.* 534.

2. The holding of the court that the question of the date of the sale had been decided by the chancery court and was *res judicata* was erroneous. Black on Judgments, §§ 611-614; Freeman on Judgm. (4 ed.), § 257,; 23 Cyc. 1309 (c); 18 Ark. 142.

The question of *res judicata* here was a defense and must be submitted to a jury on proper evidence. Extrinsic evidence was necessary to prove the finding of the court, and this made it a case for a jury. 21 Cyc. 1543 D. The contention of appellant is correct. When an execution sale takes place, the sheriff is required to execute to the purchaser a certificate of purchase, and at the expiration of the time for redemption he must on presentation of the certificate execute a deed in conformity to the certificate of purchase. If the certificate and deed showed that the sale took place June 24, 1877, plaintiff would not be permitted to show that the sale took place on a different day and plaintiff was not entitled to prove that the sale took place on the 21st of June. Such was the ruling on former appeal. 139 Ark. 243-7.

2. The instructions refused were correct, and it was error to refuse them.

*F. G. Taylor,* for appellee.

1. Every question here was settled on the former appeal. The only question raised by appellant now is whether the sheriff's deed under execution sale is competent evidence. This is *res judicata* and settled by the former appeal. This decision is conclusive. 86 Ark. 600; 55 *Id.* 609; 81 *Id.* 440. The return of a sheriff to a writ of execution is competent evidence and conclusive except for fraud or mistake. 14 Ark. 9; 29 *Id.* 307; 17 *Id.* 546.

2. The evidence of Hopson and Daniel was incompetent for any purpose. 65 Ark. 316; 93 *Id.* 191. The deed record was competent. 34 Cyc. 591-2; 10 Ark. 187. The deed record can not be impeached by parol or extrinsic evidence. 17 Cyc. 581 and note 67. The recitals in the deed are primary proof and binding and conclusive on appellant. 24 Am. & Eng. Enc. Law 62.

HART, J. (after stating the facts). Counsel for the defendant assign as error the ruling of the court in excluding the offered testimony of Daniel and Hopson from the jury.

In *Hightower* v. *Hamlin,* 27 Ark. 20, the court held that the sale of real estate under an execution after the return day is without authority and void.

Counsel for the defendant claim that the testimony of Daniel and Hopson tends to show that the execution sale under which the plaintiff claims was had after the return day of the writ of execution. The record shows that the execution was returnable on the 21st day of June, 1877. They insist that the excluded testimony tends to show that the execution sale took place on the 24th day of June, 1877, and that therefore the court committed prejudicial error in excluding the testimony from the jury.

The testimony does not tend to show that the execution sale in question was held on the 24th day of June, 1877. The testimony of Hopson was hearsay merely. He did not take the deed in question from the deed rec-

ord, and of course could not know whether or not the deed was correctly copied upon his abstract books. Daniel testified that he copied the deed in question from the deed record, and that if there had been any change from the 24th day of June, 1877, to the 21st day of June, 1877, he would have noted that fact upon his abstract books. The deed, as introduced in evidence, recites that the execution sale was had on the 21st day of June, 1877. Hence the testimony of Daniel, if accepted as true, would only show that at the time he examined the deed record, the record showed that the deed was executed on the 24th day of June, 1877, and after giving full effect to his testimony it could only be said that at a subsequent time the execution deed was corrected so as to show that the sale took place on the 21st day of June, 1877, instead of the 24th day of June, 1877.

The return of the sheriff, who made the sale, and his advertisement of the sale, both show that the sale took place on June 21, 1877, and the presumption is that the deed was corrected so as to show the facts. The excluded testimony of Daniel would amount to no more than to show the deed was corrected after he had examined the record in 1906 or 1907. His testimony would not show that the sale was made on that day. The defendant had the right to show that fact by witnesses who had knowledge of the facts, or of facts tending directly to establish the main fact, but he could not do so by showing a correction of the execution deed so as to recite that the sale was made on June 21st, instead of June 24th, since such testimony was not sufficient for that purpose.

No other testimony was offered by the defendant on this point, and since the excluded testimony was not sufficient to establish the fact that the sale was made on the 24th day of June, 1877, being a day after the return day of the writ, prejudicial error was not committed by the court in excluding from the jury the offered testimony.

No other assignment of error is relied upon for a reversal of the judgment, and it follows that the judgment must be affirmed.