Hightower et al. v. Handlin & Venneys.          [DECEMBER

HIGHTOWER et al. v. HANDLIN & VENNEYS.

SUPREME COURT—*Jurisdiction of*, *in matters of cost.*—Where it is decided that an inferior court had no jurisdiction in a cause, this court, on appeal, can render no judgment for such costs as have accrued in that court, but it is proper to render judgment for the costs made in this court, against the party bringing suit.

EXECUTIONS—*Requisites of.*—An execution must be authorized by a judgment, and must follow it in every essential particular, not only as to material matters of form, but also as to the amount for which it is rendered.

SAME—*When sales made, void.*—Where several levies and sales are made for separate sums, only such sales or levies would be void as are made to satisfy the amount in excess of the judgment; but where one sale is made to satisfy the sum actually due, and the execution has been issued for a sum greatly in excess of that sum, the whole proceeding will be declared void.

SAME—*Recourse of purchaser, when proceedings void, etc.*—Where the judgment of a court, or an execution issued thereon, is declared void, by competent authority, the purchaser, under such sale, takes nothing, but would have recourse upon the sheriff, who made the sale, for the money paid at it.

SAME—*Where sale made after return day.*—The sale of real estate, under an execution, after the return day, is without authority and void.

PETITION TO QUASH EXECUTION.

*Gallagher, Newton & Hempstead*, for Plaintiffs.

1. Courts have power over their own process, when deed has not been executed, approved, etc. *State Bank vs. Noland,* 13 *Ark.*, 301; 6 *Ark.*, 425; 10 *Ark.*, 541.

2. Judgment for costs cannot be rendered when courts have no jurisdiction. 5 *Eng.*, 569; 21 *Ark.*, 93.

3. At the time of the issuance of the execution and pretended sale, the terms of the Supreme Court were the third Mondays of April and October of each year. *Acts of* 1868, *p.* 144.

4. Executions issued from any court of record should be returnable the second day of next term thereafter. *Gould's Digest, p.* 501, *sec.* 9.

5. Judgment should have been for costs of Supreme Court only. *Gould's Digest,* 284, *sec.* 89.

6. A sale after the returning day is void. 3 *Smeede & Marshal*, 471. Should have been sold under *ven. ex. Young vs. Smith*, 23 *Texas*, 598; *Newton vs. State Bank*, 14 *Ark.*, 9.

7. Sale, under execution for much greater amount than judgment, void even as against *bona fide* purchaser. *Harlings vs. Johnson*, 1 *Nev.*, 613.

*T. D. W. Yonley*, for Defendants.

BENNETT, J.—On the 2d day of December, A. D. 1867, William H. Norton, *et al.*, recovered a judgment against the plaintiffs in a certain cause, then pending in this court, wherein said Norton, *et al.*, were appellants, and said plaintiffs, as heirs-at-law of Joseph Miller, deceased, were appellees, on appeal from the Circuit Court, in chancery, of Sebastian county, for the Fort Smith district.

The judgment of this court was, that "the decree of said Circuit Court, in chancery, in this cause be, and the same is hereby, for the error aforesaid, reversed, annulled and set aside with *costs;* and that this cause be remanded to said Circuit Court, in chancery, with instructions to dismiss the bill for want of jurisdiction.

"It is further ordered and decreed that said appellants recover of said appellees all their costs in this court, in this cause expended, and have execution thereof."

On the 2d day of September, A. D. 1868, an execution was issued from this court upon said judgment for costs, not only for the amount of the costs of the parties in the Supreme Court, which were taxed at $25 00, but also for the costs of the Circuit Court, which amounted to $151 75, in all, amounting to $178 60, with the cost of issuing the execution.

This execution was returnable, by law, on the 20th day of October, 1868, which was the second day of the next October term.

It came to the hands of the Sheriff of Sebastian county, to whom it was directed, on the 7th day of September, A. D. 1868, to be executed, and was by him levied upon the follow-

ing property, to-wit: Lot No. 12, in Block No. 15, in the city of Fort Smith, and was advertised to be sold on the 26th day of October, 1868, and was by him offered for sale and sold to these defendants, for $25 00. These facts appear from the endorsements and return of the sheriff upon the execution.

The plaintiffs have filed their petition in this court to set aside the sale and return of the sheriff, under the execution, and to declare the same void; because,

*First.* If the court had no jurisdiction of the subject matter in controversy, it could not render a judgment for cost.

*Second.* Because the sale, under the execution, was made six days after it should have been returned.

The first proposition, to which our attention is directed, would be correct if this court, in deciding the case, had said it had no jurisdiction; but it has done no such thing. It has merely said that the Circuit Court, from which the appeal came, had no jurisdiction of the matter in controversy.

This court acquires jurisdiction, in such matters as are not original, by virtue of the prayer for, and the order granting the appeal. When that is regular, the jurisdiction is complete here. The question of jurisdiction in inferior courts, in certain cases, is, often, one of an intricate nature, and can only be settled by the highest tribunal in the State; but when once decided that the inferior court had no jurisdiction, there can be no judgment rendered for such costs as have accrued in that court, but it is proper to render judgment for the costs made in this court against the party bringing suit. In the case before us, the Clerk of the Circuit Court certified the costs made in that court, and the clerk of this court added them to those made here, which was erroneous.

But will this protect the petitioners against a *bona fide* purchaser at a judicial sale?

It has been well settled, we think, that an execution must be authorized by the judgment, and must follow it in every essential particular, not only as to material matters of form, but also as to amount for which it is rendered.

While it is not incumbent upon bidders and purchasers, at judicial sales, to inquire into any irregularity which may have been permitted by the court rendering the judgment, or the clerk in issuing the execution, if it is regular upon its face; yet, if for any cause the proceedings of either should be declared void, by competent authority, he could not take anything by reason of such sale, but would have recourse upon the sheriff, who made the sale, for the money he paid at it.

When several levies and sales are made for separate sums, only such sales, or levies, would be considered void as are made to satisfy the amount in excess of the judgment. If, however, but one sale is made to satisfy the sum actually due, and the execution has been issued for a sum greatly in excess of that sum, the error can only be remedied by setting aside and declaring void the entire proceeding under the execution.

The case of *Knight vs. Applegate's heirs*, 3 *Monroe*, 336, is in point. An execution was levied for about forty-two dollars more than the judgment authorized, and the court, for that reason, held that the sale bond could not be sustained. Judge Owsley, who delivered the opinion of the court, after holding that the execution was void, proceeded to say: "To uphold a sale of land, made under an execution, by an officer, it is not enough that the execution purports upon its face to be regular, and appears to have emanated from competent authority, there must also be a judgment to which the sale money is to be applied. The reason is obvious; lands are made subject to sale under writs of *fieri facias* by statutory enactment, and it is only in satisfaction of judgments that the statute has authorized the sale, there must, of course, be a judgment to which the proceeds of the sale may be applied to make the sale a valid one. It would, therefore, judging from the facts proved on the trial of the motion, seem to follow that the sale bond cannot be sustained, for the land appears to have been sold, and the bond taken for a sum equal to that mentioned in the execution, which issued in favor of Knight, against the estate of Applegate, and as the judgment

in favor of Knight, is in fact, far less than the execution, there is no judgment to which the excess contained in the execution, and included in the bond could be applied.",

Chief Justice Lewis, in the case of *Hastings vs. Johnson*, 1 *Nevada*, 615, says: "That an execution issued and sale of property made, when there is no judgment authorizing it, would be utterly void, there can be no doubt, and for the same reason, we think that an execution and sale for a sum exceeding that actually due upon the judgment, would be equally void, because there is no judgment to authorize the collection of the excess for which execution is issued. When the discrepancy between the judgment and the execution is a mere trifle, levy and sale will not be disturbed, because it is said, *lex non curat de minimis;* but when the discrepancy is material, it cannot be overlooked or disregarded by the courts." The same doctrine is announced in the case of *Peck vs. Tiffany*, 2 *Comstock*, 458. By reference to the judgment in this case, we find there was none for money, except for the costs of this court, which appears by the allegation of the petition, and not denied, to have been twenty-five $\frac{20}{100}$ dollars; but the execution called for one hundred and seventy-six $\frac{95}{100}$ dollars, over six times the amount. In accordance with the precepts, as laid down in the above cited cases, and in accordance with our own judgment, we consider the sale of land, under such circumstances, voidable, and in such cases the sale may be set aside, even though the right of *bona fide* purchasers have intervened.

As to the second cause, why the sale should be set aside, we think it, if possible, more conclusive than the first. A sale under an execution, of real estate, after the return day, is void and without authority, as the power conferred by the writ was non-existent.

It was held in the case of *Lehr vs. Dale, ex dem. Rogers*, 3 *Smeede & Marshall*, 471: "If we view the execution as, in law, returnable to the April term, it is manifest that a sale made under it, in July, 1841, was irregular, and conferred no

title. The sheriff having been bound by law to make a return of the writ to the April term, it had, at this time, discharged its office. He acted, then, without legal process, and consequently without authority, since the latter expired with the writ. The authority, for the sale of the real estate, *could* only have been obtained by a writ of *venditioni exponas*." See, also, *Borden vs. McKinnie*, 4 *Hawk's Law and Equity Rep.*, 282; *Towns vs. Harris*, 13 *Texas*, 507; *Young vs. Smith*, 23 *Texas*, 599.

In some of these cases it has been held that personal property levied on before, may be sold by the sheriff after the return day, without a *ven. ex.*, but real property cannot. The proper course is, to make return of the execution upon the return day, and thereupon issue a *venditioni exponas* to the officer to sell. A seizure of personal property vests a special property in the sheriff, who may take possession of it for the purposes of the execution, and complete the sale after the returning day, by virtue of the authority previously given, whereas, a levy on land gives no right of property or possession. It gives no authority to the officer to take possession and turn the defendant out, but only the right to enter for the purposes of sale. It confers authority to pass the title merely, not to change the possession; there must be in existence some lawful authority for the conversion and sale of the property. The execution could confer none after the return day, for it was dead. The sale, in the case before us, was made some six days after the return day, without any other authority than the original execution. It was therefore void. For these reasons, the prayer of the petitioner must be granted. The return of the sheriff and sale under the execution are set aside and held for naught.