IN THE

# Supreme Court of Georgia,

AT ATLANTA.

---

## SEPTEMBER TERM, 1880.

---

PRESENT—JAMES JACKSON, . . . . . CHIEF JUSTICE.
        MARTIN J. CRAWFORD, . . ASSOCIATE JUSTICE.
        ALEXANER M. SPEER, . . .     "      "

---

### EDENFIELD *vs.* MCLEOD *et al.*

When a purchaser buys at sheriff's sale under an execution in his favor as administrator, and he is subsequently ejected by the defendant in *fi. fa.* because the sale was had under a void execution, he cannot maintain a bill in equity against the holder of a senior execution to which the money was applied, the defendant in execution and the sheriff, for the purpose of compelling them to refund the amounts they respectively received of the proceeds of the sale, by simply alleging fraud and collusion in withdrawing the older *fi. fa.* from the hands of the sheriff prior to the sale, thus resulting in a sale under the junior process, which was void.

Equity. Levy and sale. Before Judge JOHNSON. Emanuel Superior Court. April Term, 1880.

Reported in the opinion.

P. B. MORING, by brief, for plaintiff in error.

CAMP & LIVINGSTON, by brief, for defendants.

SPEER, Justice.

The bill filed in the above cause avers that in the year 1863 Richard Edenfield, of said county, died intestate, leaving a large estate. That complainant and one David J. Edenfield administered on said estate; that in March, 1874, James H. and Ephraim Edenfield, and other heirs-in-law of their intestate, filed their bill for account and settlement in Emanuel superior court against complainant and his co-administrator. That said cause was referred to an auditor. On investigation had, there was a report made by said auditor, and there was found to be due to said estate by Richard Edenfield, an heir-at-law, the sum of two hundred and nine dollars and fifty-nine cents, the same being an amount paid him by the administrators in excess of his distributive share. At the October term, 1877, of said court, the report of the auditor was made the judgment of the court, and soon after a *fi. fa.* issued in favor of the administrators against Richard Edenfield for the amount of said judgment.

It is further alleged that in November, 1877, the sheriff of said county levied a certain other *fi. fa.* in favor of complainant individually from said court against Richard Edenfield, but which *fi. fa.* was controlled by J. N. McLeod ; that there was also levied by said sheriff the *fi. fa.* issuing in favor of the administrators against Richard Edenfield on the judgment based on the auditor's report. Both *fi. fas* were levied upon two hundred and twenty-five acres of land in said county, as the property of Richard Edenfield, and the land advertised for sale. When the sale of the land was about to take place, J. N. McLeod, who controlled one of said *fi. fas* levied, conniving and confederating with Richard Edenfield, withdrew his *fi. fa.* from the hands of the officer, and said officer proceeded to sell the land under the *fi. fa.* in favor of the administrators. Complainant bought said land at said sale McLeod claimed the proceeds of said sale on his *fi. fa.*,

and it being the oldest, it was satisfied out of the purchase money paid by complainant. The amount of purchase money thus appropriated was $182.26, and the *fi. fa.* was entered satisfied ; that the balance of said money of the sale, to-wit : $48.90, was applied to costs of levy and sale, and costs of the officers in the case tried by the auditor.

Complainant further alleges that at the October term, 1878, Richard Edenfield brought his action of ejectment against him to recover the lands purchased by him at the sheriff's sale ; that it was made to appear on said trial that Richard Edenfield was never made a party to the bill filed by the heirs-at-law against the administrators of Richard Edenfield, deceased, and that the report of the auditor and judgment rendered thereon against him for $209.59 was null and void, and therefore the sale was void, and said Edenfield recovered said land in his suit. Complainant further alleges that on the day of the sheriff's sale, when said land was sold, that McLeod and Edenfield combined and confederated to cheat him and defraud him out of the money paid by him for said land so sold by the sheriff, well knowing, as complainant *believes,* that if said *fi. fa.* of McLeod was withdrawn the sale under the other *fi. fa.* would be void ; that by said combination and confederacy, McLeod recovered the proceeds of sale and Edenfield the land, thus cheating and defrauding complainant. He further alleges that he in good faith made said purchase and paid out the purchase money, believing the *fi. fa.* under which said sale was had was valid and binding.

The prayer is for McLeod to repay the money received by him, and that the sheriff, Canady, be required to repay the amount received by him for costs, etc., and for general relief.

To this bill defendants demurred for want of equity, and because complainant had an ample and complete remedy at law. The court below sustained said demurrer, and complainant excepted.

We see no error in the judgment of the court below in sustaining the demurrer to complainant's bill on the statement of facts therein contained, and the judgment is therefore affirmed.