## FORBES v. HALL et al.

The levy of an execution for $55.00 principal debt, $15.24 interest, and $2.10 costs, upon two separate lots of land in a city, with three dwelling-houses thereon, such houses and lots being of the aggregate value of $1,400.00, is excessive, and a sale thereunder of such property in bulk (it being easily susceptible of subdivision) for the grossly inadequate sum of $25.00, without any attempt on the part of the officer selling to subdivide the same and without his offering to sell it in parcels, is void; and the refusal of the judge to grant an injunction to restrain the purchaser and the officer making the sale from turning the owner out of possession was error.

Argued June 29, — Decided July 27, 1897.

Petition for injunction. Before Judge Lumpkin. Fulton county. May 25, 1897.

*Dorsey, Brewster & Howell*, for plaintiff.
*Daley & Hall*, for defendants.

SIMMONS, C. J. It appears from the record, that Huntley obtained a judgment in a justice's court against Mrs. Forbes for the principal sum of $55.00, with $15.24 interest and $2.10 costs. After the entry thereon by the constable that there was no personal property of defendant to be found, the execution was levied by the sheriff upon two lots of land, on which were three houses, in the city of Atlanta. Under this levy the property was sold to Hall, the attorney for Huntley, for the sum of $25.00. When Hall attempted, through the sheriff, to take possession of the land, Mrs. Forbes filed her equitable petition, praying an injunction against Huntley, Hall and the sheriff, to restrain them from turning her out of possession, and also praying that the sale be set aside on the ground that the levy was excessive and the sale thereunder void. She alleged in her petition that the two lots were of the value of $1,400, and this allegation was sustained by proof. Upon the hearing of the petition and answer and the affidavits submitted by both parties, the judge refused the injunction, and Mrs. Forbes excepted.

These two city lots with the three dwelling-houses thereon were sold in bulk by the sheriff. It appears that the sheriff did not attempt to sell them separately or in parcels, though it appears they were capable of subdivision. Under this state

of facts, the court erred in refusing to grant the injunction. The levy of this fi. fa. for so small an amount upon property worth nearly twenty times the amount of the fi. fa., and selling the property in bulk under the levy, was a fraud in law, and the sale made thereunder was void and conveyed no title to the purchaser.

The rule seems to be, that where land is levied upon, more than sufficient to satisfy the execution, if it can be subdivided it is the duty of the sheriff or levying officer to do so and to sell or offer to sell the land in parcels. Rorer, in his work on Judicial Sales, §730, says: "When the land is divided into several parcels, though one and the same tract, the several tracts can not be sold together as in a body, but must be sold separately, with suitable identity of the several lots. If sold in the aggregate, the court, on motion, will set the sale aside. 'Sales in mass, of real estate held in parcels, are not to be countenanced or tolerated.'" Upon the other hand, the rule seems to be that if the land can not be subdivided so as to be sold in parcels, then the levy is not excessive. Rorer on Judicial Sales, § 714. The facts here show that the land was capable of subdivision, and the levy and sale of the land en masse was void. *Brinson* v. *Lassiter*, 81 *Ga.* 43, and cases cited.

It is claimed, however, by counsel for defendant in error, that Hall, the purchaser, should not be deprived of his bid, as he had examined the judgment, fi. fa., levy, etc., and the proceedings of the sheriff were apparently regular, and that Mrs. Forbes's remedy was against the sheriff for illegal levy. We do not agree with counsel in this contention. Hall was the attorney for the plaintiff in fi. fa. If he did not have the levy made, he saw from the entry of the sheriff the amount of property levied upon under this small execution. He knew. or ought to have known in the first instance that the levy was grossly excessive. Being present at the sale, he knew that the sheriff did not offer to sell the property by lot or by parcels. He knew, therefore, not only that the levy was void because it was excessive, but that the sale itself was void because all the property was sold in bulk. He could not shut his eyes to

these facts and rely upon the apparent regularity of the proceedings of the sheriff. *Wallace* v. *Trustees, 52 Ga.* 168.

It is also claimed that the sale ought not to be set aside at the instance of Mrs. Forbes, because she has not tendered to Hall the money he paid to the sheriff upon his bid. This, in our opinion, is not necessary. The levy was a fraud in law and was absolutely void. Mrs. Forbes had nothing to do with bringing it about. She was not present at the sale, and claims in her petition that she had no notice that the land was advertised for sale. Besides, Hall, representing the plaintiff in execution, had no right to bid at the sale without the latter's consent. If he had not such consent, the law considers him agent or trustee for the plaintiff in execution, and the money he paid is in law presumed to have been that of the plaintiff himself.

There are other allegations in the petition of Mrs. Forbes, wherein she alleges that the judgment obtained against her was void on the ground that the copy of the summons served on her from the magistrate's court was not signed; that she treated it as a nullity and did not appear and plead. While we did not deal with this point in the headnote, we are of opinion that the allegation was not well founded. The copy of the summons, although not signed when it was served upon her, was sufficient to have put her upon notice and inquiry and to make it her duty to attend the court and demand that she be served with a proper summons. Especially is this true where it appears from the record that her brother-in-law attended the court from which the summons issued, and filed a plea, signing her name thereto, on which the case was continued until the next term.

By way of suggestion we desire here to say, that this court and the lower courts are constantly troubled with cases involving the legality of sales where there has been a want of sufficient advertisement and description of the property sold, and the levies under which the sales have taken place have been excessive. A great deal of the time of this court and of the lower courts is taken up in the trial of these cases. We would therefore recommend to the General Assembly the enactment of a law requiring that

all judicial and execution sales of land, including tax sales, be confirmed by the judge of the superior court of the county where the land lies, before the person in possession can be turned out and the purchaser at such sale be put into possession. Should this be done, the judge, before confirming the sale, would doubtless ascertain whether the levy was legal, whether it sufficiently described the property, whether it was excessive, and if it was excessive whether the sheriff offered the property for sale in parcels. If this last had been done in the case now at bar, we think the courts would not have been troubled by this litigation. Under section 4856 of the Civil Code sales have to be confirmed by the chancellor when made under a decree in equity, and we see no reason why this should not be extended so as to make it the duty of the judge of the superior court to confirm all judicial and execution sales of land before they shall become effectual to pass title or to change possession.

*Judgment reversed. All the Justices concurring.*