ROSER *v.* GEORGIA LOAN AND TRUST COMPANY.

1. The levy of a tax execution for $9.90 on a city lot 100 by 163 feet, valued at between $600 and $1,000, and susceptible of division into two lots, each of which would be worth more than the amount of the fi. fa., is excessive.
2. The purchaser at a sale under such levy gets no title as against the owner or those claiming under him.
3. The fact that the lot as divided would not be worth as much as if sold as a whole is no reason why it should be levied on and sold in bulk. It is better for the owner that the property should be somewhat damaged than that the entire tract should be taken and sold under an excessive levy.

Argued May 9, — Decided June 2, 1903.

Levy and claim.    Before Judge Henry.    Floyd superior court. August 16, 1902.

*M. B. Eubanks*, for plaintiff in error.    *Dean & Dean*, contra.

LAMAR, J.    In 1892 land worth between $600 and $1,000 was by Corbin conveyed as security for a debt of $500.    In May, 1897, the property, having been levied on under a city tax execution for $9.90 against Corbin, was bid in by Hight for $40.    He received a tax deed, but did not enter.    Corbin having made default in July, 1897, the property was sold under a power of sale in the security deed, and bought by the Georgia Loan and Trust Company, who contracted to sell the same to Brooks, giving him a bond for titles therefor.    Brooks entered into possession, and subsequently transferred his bond to Lizzie Roser.    She entered into possession, assumed the indebtedness of Brooks to the Georgia Loan and Trust Company, and paid Brooks $200 in cash, out of which he agreed to pay off the taxes, including the tax title held by Hight.    Brooks paid Hight, and, instead of having the deed · cancelled, requested him to make a quitclaim deed to Lizzie Roser.    This he did, though the time for redeeming had expired.    This deed was duly recorded, and by successive conveyances under this tax sale the property was conveyed to the claimant, her brother-in-law, who was in Anniston, Alabama.    He made no examination of the title, but says that he got an attorney to look at the title and see whether it was good or not; though it does not appear what the report of the attorney was.    The claimant relied on possession under the tax title; but the plaintiff in fi. fa. insisted that the tax deed was void, it appearing that property worth between $600 and $1,000 had been levied on to satisfy a tax fi. fa. for $9.90; that the lot was 100

by 163. feet, and was susceptible of division (though there was some
evidence tending to show that its value would be less when di-
vided); that by cutting the property into 50-foot lots the house
would have been on one, accessible only from the front, and there
would have been a vacant lot on the corner, worth $150.   An in-
spection of the record would have shown that there were two out-
standing titles, one the tax title in Lizzie Roser, and the other the
title in the Georgia Loan and Trust Company under the Corbin
power of sale.   This with the prior possession of Brooks, and the
fact that Lizzie Roser had entered after him, may or may not or-
dinarily have been sufficient to put the purchaser, Joseph Roser
(the claimant), on inquiry; but when it appeared that the property
itself was a city lot with a residence thereon; that there was a
strip of 50 or 60 feet of vacant land on the corner, and that the
whole lot, 100 by 163 feet, had been levied on and sold in bulk,
without effort to subdivide, to satisfy a tax execution for less than
$10, the purchaser was put on notice of the invalidity of the sale
because made under an excessive levy.   The answer of the claim-
ant to this proposition is that no one except Corbin or his privies
in estate could attack the tax deed for that reason.

Not only Corbin, but all of those claiming under him, as privies,.
including the plaintiff in fi. fa., who bought under the power in the
security deed, could complain that the tax sale was void.   *Ryan*
v. *Mortgage Co.*, 96 *Ga.* 322; *Pool* v. *Morris*, 29 *Ga.* 374.   The
tax sale was void because of the excessive levy (*Brinson* v. *Lassi-*
*ter*, 81 *Ga.* 40; *Forbes* v. *Hall*, 102 *Ga.* 47; *Hobbs* v. *Hamlet*, 106.
*Ga.* 403); and the fact that the lot when divided may have been
worth less than the whole undivided will not prevent it from be-
ing void.   It is better that the land should have been somewhat.
damaged by a division, than that the owner should lose property
worth $600 or more in payment of a tax fi. fa. for less than $10.
Where the character of the estate would be impaired or damaged by
a subdivision, the entire property must be seized and sold.   Houses
can not be divided, mills separated from water power, or farms from
public highways; but a slight detraction in value, arising from a
division, will not give validity to a tax sale, otherwise void, because
the property is sold in bulk under an excessive levy.   The more
excessive the levy, the more certainly is the sale void, and therefore
the less will be the price realized.   The courts, therefore, are of neces-

sity bound to apply the rule in this class of cases. Often the property is sold for a small tax without notice to those beneficially interested. The very fact that the tax sale defeats all prior liens imposes upon officers the exercise of a sound discretion, in making these levies. They are allowed a liberal and generous margin ; they can take what is amply sufficient; but when they go beyond that, and make a levy that is excessive, and sell in bulk, the purchaser gets no title as against the owner or his privies in estate.

*Judgment affirmed. By five Justices.*