## STARK *v.* CUMMINGS.

In a proceeding to set aside a tax sale because the levy was excessive, where it appeared that a tax fi. fa. for $2.32, issued against the " goods and chattels, lands and tenements " of S., was levied on 160 acres of wild land, divided by a ravine, and worth, according to the testimony of the plaintiff, between $900 and $1,300, and according to that of the defendant about $100, it was error for the judge to direct a verdict for the defendant.

Argued November 5, — Decided November 14, 1903.

Equitable petition.    Before Judge Fite.    Dade superior court. April 11, 1903.

The tax-collector of Dade county, on December 20, 1895, issued a tax fi. fa. against J. H. Stark for $1.82 principal and 50 cents cost, which was levied on lot of land number 107, containing 160 acres more or less, as the property of Stark; and on March 3, 1896, the land was sold thereunder for $7.41 to Cummings, and a deed made to him by the sheriff. On February 19, 1902, Stark instituted a proceeding for the recovery of the land, and to set aside the sale and cancel the deed as void because the levy was excessive. At the trial it was agreed that on March 3, 1896, the plaintiff had title to the land, and that he returned it for taxation for the year 1895 as wild land, at the valuation of $200. He testified that he lived in Atlanta and returned the property for taxes in 1895, 1896, 1897, etc., and had paid all taxes of which

he was notified by the tax-collector, but did not remember whether he was notified of the tax due for 1895; also that in 1896 the land was worth $800. Another witness testified that in 1896 the land was worth " some $600, $800, or $1000," that the timber on it was worth at least $300, and that there was a ravine or gulch dividing it into about two equal parts. It was admitted that at the time of the sale there was on the lot a small house of two rooms, which was occupied, but that none of the land was cultivated. The defendant testified that the lot was worth about $100 in 1896; that while there was some timber on it, a great deal of the best timber had been cut before the sale, and that it was wild land. It was admitted that Stark owned no other property in Dade county. The court directed a verdict for the defendant. This was complained of in the plaintiff's motion for a new trial, to the overruling of which he excepted.

*T. J. Lumpkin* and *Lumpkin & Rosser*, for plaintiff, cited *Ga. Rep.* 81/40.; 100/372; 101/276; 106/403.

LAMAR, J. There is nothing on the face of the tax fi. fa. to indicate that the property for which the tax was assessed was wild land. The execution was not in rem, as in *Vickers* v. *Hawkins*, 111 *Ga.* 119, but against the " goods and chattels, lands and tenements " of Stark; and the rules applicable to ordinary tax fi. fas., and the inhibition against excessive levies, apply. If the testimony of the plaintiff that the land was worth between $900 and $1,300 be accepted as true, the levy was void as matter of law. If the jury took the valuation put thereon by the purchaser and treated it as " worth about $100," there is nothing to indicate why it could not have been subdivided, and only enough seized to satisfy the principal, $2.38, and costs of sale. *Roser* v. *Ga. Loan Co.*, 118 *Ga.* 181; Civil Code, § 5427; *Southern Pine Co.* v. *Kirkland*, 112 *Ga.* 216; *Barnes* v. *Carter*, 114 *Ga.* 886 (2). It was error to direct a verdict for the defendant.

*Judgment reversed. All the Justices concur, except Cobb, J. disqualified.*