11025. SHAW, sheriff, *v.* WALKER, for use, etc.

STEPHENS, J. 1. Entries upon an execution cannot serve to keep the judgment in life unless the entries are properly recorded. Where an execution was issued from the superior court in the year 1903, and on the same day recorded on the execution docket of that court, and the entries thereon were not recorded upon the execution docket of that court, as required prior to the act of 1910, the execution became dormant after a period of seven years from the time of record. *Columbus Fertilizer Co.* v. *Hanks*, 119 *Ga.* 950 (47 S. E. 222); Civil Code of 1895, § 3761.

2. A sale by a sheriff under a dormant fi. fa. is a nullity. The purchaser acquires no title to the property sold, and may recover the purchase-money which he has paid to the sheriff under such illegal sale. *Davis* v. *Comer*, 108 *Ga.* 117 (33 S. E. 852, 75 Am. St. Rep. 33).

3. Where the purchaser at the sheriff's sale has been indemnified, by the payment to him of an amount equal to the purchase-money by one who purchased the property from the defendant in fi. fa. prior to the levy and sale and recovered the property from the purchaser in a trover suit, the purchaser may nevertheless maintain a suit for the use of such person, against the sheriff, to recover the amount paid by the purchaser to the sheriff under such illegal sale.

4. It not being plainly apparent that the case was brought to this court for delay only, the motion for damages against the plaintiff in error is denied.

5. A verdict for the plaintiff was properly directed.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*
DECIDED SEPTEMBER 17, 1920:

Money rule; from Tift superior court — Judge Eve. October 4, 1919.

Application for certiorari was denied by the Supreme Court.

*R. A. Hendricks,* for plaintiff in error.

*Fulwood & Hargrett,* contra.