16047.   STEVENS HARDWARE COMPANY *v.* BANK OF BYROMVILLE.

JENKINS, P. J. In the instant action of trover, brought by a third person as purchaser at a judicial sale under a mortgage-foreclosure proceeding, against the transferee of an alleged contract of conditional sale, covering one Burroughs Booking or Posting Machine, it appears that the defendant relied only upon the sufficiency of constructive notice afforded by the record of the original contract of alleged conditional sale. This contract for reservation of title is in the form of an order, and reads in part as follows: "Please enter our order for 646 Burroughs Machine, stand required No.——, style six forty six, No.—— which you agree to deliver to my or our address, transportation charges prepaid, for which we agree to pay" a specified amount. In the evidence, it was undisputed that the machine in question was "style 646," that "all the bookkeeping machines [of the original vendor] have style No. 646, and each has a separate and distinct serial number," and that the machine sued for was subsequently selected by the manufacturing vendor and furnished to the mortgagor in accordance with the order above referred to. The jury found for the defendant, and the trial court overruled the plaintiff's motion for new trial, based on the general grounds and on the alleged erroneous admission in evidence of the original contract retaining title, on the ground that "the description of the property was too vague, . . general, and indefinite, and therefore it was not admissible as against an innocent purchaser." *Held:*

1. While, under the rule of caveat emptor, a purchaser at a judicial sale succeeds only to the interest, estate, and rights of the parties to the proceeds of the sale, yet where he has paid his money upon the faith of proceedings regular on their face, had in a court of competent jurisdiction, and without actual or constructive notice of any defects therein or outstanding equities, he occupies the position of a purchaser in good faith for a valuable consideration, and is protected as such to the extent that he will not be affected by latent equities, whether by lien, incumbrance, trust, fraud or any other claim. Thus, he is entitled to the same protection under State recording statutes that is afforded by them to a purchaser at a private sale with reference to equities and instruments affecting the title. *Equitable Loan & Security Co. v. Lewman,* 124 *Ga.* 190 (3), 196, 197; *Scarborough v. Holder,* 127 *Ga.* 256 (3); 16 R. C. L. 139.

2. It is well settled that the rule requiring that a mortgage or conditional bill of sale shall "specify" the property on which it is to take effect does not require that the description shall serve to identify it without the aid of parol evidence, where the instrument indicates within itself some method by which the aid of extrinsic evidence in its aid can be

limited. *Thomas Furniture Co.* v. *T. & C. Furniture Co.*, 120 *Ga.* 879 (48 S. E. 330); *Beaty* v. *Sears*, 132 *Ga.* 516 (64 S. E. 321); *Hicks* v. *Walker Bros. Co.*, 31 *Ga. App.* 395 (120 S. E. 694); *Reynolds* v. *Tifton Guano Co.*, 20 *Ga. App.* 49, 50, 51 (92 S. E. 389). However, the rule recognized in the cases cited would not have application in a case, such as this, where the recorded instrument relied upon as a conditional sale does not in any wise purport to designate or even to refer to any particular property "sold and delivered" (Civil Code, 1910, § 3318), but consists merely of an executory offer to purchase any machine of the character and style mentioned, which the manufacturer might thereafter select and furnish, upon his acceptance of the offer to buy. Whether, as between the original parties to the resulting purchase and sale, the vendee would be estopped from disputing the vendor's title to the property subsequently furnished, need not be decided, since that principle is not here involved. Here, the rights of a third party, acquiring title in good faith from the vendee, are protected, since the record of the alleged conditional sale shows on its face that not only was no particular property described, but that at the time the instrument was signed no particular property was in the minds of the parties, and that consequently no attempt was or could have been made by the instrument to specify or even refer to any particular property. The fact that parol evidence can be offered in aid of the description for the purpose of explaining the instrument by showing what particular property the parties had in mind, and was referred to by the instrument, does not mean, where the instrument shows on its face that the parties did not have any particular property in mind, and consequently the instrument does not purport to describe, specify, or even refer to any, that parol evidence can be used of and by itself to particularize such property as might afterwards have been selected and become the subject-matter of a sale.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 21, 1925.

Complaint in trover; from Dooly superior court—Judge Crum. October 28, 1924.

*Jule W. Felton,* for plaintiff.

*Henderson & Davis,* for defendant.