ODUM *et al. v.* PETERSON *et al.*

No. 7534.  June 17, 1930.

*J. A. Drake,* for plaintiffs in error.  *H. G. Rawls,* contra.

Hines, J.  On October 18, 1919, R. W. Odum and T. E. Kelly recovered judgment in a justice court against Richard Peterson Sr. Execution issued on said judgment on October 25, 1919, and was duly entered on the general execution docket on October 28, 1919. On June 20, 1926, an entry of nulla bona was entered on said execution by a constable.  This entry of nulla bona was never entered upon the general execution docket.  On February 3, 1929, the execution was levied upon a described tract of land as the property of Richard Peterson and Fannie Peterson, deceased.  Pursuant to said levy the sheriff advertised the land levied on for sale and sold the same at public outcry on the first Tuesday in August, 1929. R. W. Odum purchased the property levied on at this sale; and the sheriff executed to him a deed which was recorded on August 19, 1929.  On August 23, 1929, Odum conveyed the property so purchased by warranty deed to Mrs. B. B. Lane.  Richard Peterson Jr., and others, children and grandchildren of Richard Peterson Sr., and his sole heirs at law, filed their equitable petition against R. W. Odum, Mrs. B. B. Lane, and the sheriff, to set aside the sheriff's sale and to cancel his deed as a cloud upon the title of plaintiffs, upon the ground that it was void because the execution was dormant at the time the land was levied upon.  At the appearance term the case by consent of parties was submitted to the trial judge without the intervention of a jury.  He held that the execution was dormant at the time it was levied, and that the sale made under the levy was void; and decreed that the title to the land levied on was in the plaintiffs as fully as if the levy and sale had not been made.  To this judgment the defendants excepted.

There is but one question for decision; that is, whether the fi. fa. levied was dormant at the time of its levy.

A judgment rendered in this State since August 13, 1910, becomes dormant and can not be enforced, if seven years elapse before execution is issued thereon and entered on the general execution docket of the court wherein such judgment is rendered. A judgment likewise becomes dormant if seven years shall elapse at any time after said execution is issued thereon without an entry on the execution by an officer authorized to execute and return the same, and such entry recorded on said docket. A second record of such entry shall be made on the general execution docket of the date said return is filed, with the date of such record entered by the clerk, in addition to the entry which is made on the docket of the date that the execution was originally entered; but no such second return shall be made on the general execution docket if the date that the entry is filed is less than seven years from the date of the execution. Civil Code (1910), §§ 4355-4357; Acts 1910, p. 121; Acts 1920, p. 81; 9 Park's Code Supp. 1922, § 4357(a); *Oliver* v. *James,* 131 *Ga.* 182 (62 S. E. 73); *Craven* v. *Marlin,* 140 *Ga.* 651 (79 S. E. 568); *Clark* v. *Shouse,* 149 *Ga.* 59 (99 S. E. 31). Under the facts of this case the execution was dormant when levied. The judgment was rendered on October 18, 1919. The execution thereon was issued on October 25, 1919, and was entered upon the general execution docket of the county on October 28, 1919. An entry of nulla bona was entered upon the execution by a constable on June 20, 1926. This entry was never recorded upon the general execution docket. The levy was made on February 3, 1929, more than seven years from the entry of the execution upon the general execution docket. In these circumstances the judgment had become dormant, for the reason that no entry keeping it in life was entered upon the general execution docket within seven years after the entry of the execution upon the general execution docket.

A sheriff's sale of land under a dormant execution is absolutely void. *Davis* v. *Comer,* 108 *Ga.* 117 (33 S. E. 852, 75 Am. St. R. 33); *Conley* v. *Redwine,* 109 *Ga.* 640 (3) (35 S. E. 92, 77 Am. St. R. 398); *Harris* v. *Black,* 143 *Ga.* 497, 499 (85 S. E. 742); *Shaw* v. *Walker,* 25 *Ga. App.* 642 (2) (104 S. E. 23). The trial judge did not err in rendering judgment in favor of the plaintiffs.

*Judgment affirmed. All the Justices concur.*