24582. BRADY *v.* SMOTHERMAN.

DECIDED JULY 3, 1935.

*L. M. Wyatt,* for plaintiff in error. *J. T. Thomasson,* contra.

SUTTON, J. This was an action against the sheriff by the purchaser of certain land at a sale under an execution, who sought to recover the amount paid by him for the land. A verdict was directed for the plaintiff. A motion for a new trial was overruled, and the exception is to that judgment. The sole question for determination is: Can a purchaser of land at a sheriff's sale under an execution, where the sheriff has paid over to the plaintiff in execution the consideration paid by the purchaser, and where the levy has been declared excessive by a court of competent jurisdiction and the sale set aside and the sheriff's deed canceled, the purchaser being a party to the action to set aside the sale and cancel the deed, maintain an action against the sheriff for the amount of money paid by him to the sheriff for the purchase-price of the land?

In order for a sheriff to make a valid sale of land under an execution there must be a legal levy of the execution thereon. A levy which is grossly excessive is illegal and void, and a sale in pursuance thereof may be set aside and the sheriff's deed canceled. *Doane* v. *Chittenden,* 25 *Ga.* 103; *Wallace* v. *Trustees of Atlanta Medical College,* 52 *Ga.* 164; *Morris* v. *Davis,* 75 *Ga.* 169; *Brinson* v. *Lassiter,* 81 *Ga.* 40, 42 (6 S. E. 468); *Williamson* v. *White,* 101 *Ga.* 276 (28 S. E. 846, 65 Am. St. R. 302), and cit. *Roser* v. *Georgia Loan & Trust Co.;* 118 *Ga.* 181 (44 S. E. 994), and cit.; *Stark* v. *Cummings,* 127 *Ga.* 107 (56 S. E. 130), s. c. 119 *Ga.* 35 (45 S. E. 722), and cit. As above stated, it has been adjudicated in this case that the levy was excessive, and the sale was set aside and the sheriff's deed canceled. The purchaser at the sale was a party to these proceedings.

"The purchaser shall look for himself as to the title and soundness of all property sold under judicial process. Actual fraud or misrepresentation by the officer or his agent may bind him personally. No covenant of warranty shall bind him individually, unless made with that intention and for a valuable consideration." Code of 1910, § 6054, Code of 1933, § 39-1307. No question of fraud or misrepresentation or of warranty is involved in this case. "The purchaser at judicial sale shall not be bound to look to the appropriation of the proceeds of the sale, nor to the returns made

by the officer, nor shall he be required to see that the officer has complied fully with all regulations prescribed in such cases. All such irregularities shall create questions and liabilities between the officer and parties interested in the sale. The innocent purchaser shall be bound only to see that the officer has competent authority to sell, and that he is apparently proceeding to sell under the prescribed forms." Code of 1910, § 6059, Code of 1933, § 39-1311. In *Colbert* v. *Moore,* 64 *Ga.* 502, it was stated that under our Code the purchaser "must look for himself as to the title and soundness of all property sold under judicial process." In *Lowe* v. *Rawlins,* 83 *Ga.* 321 (10 S. E. 204, 6 L. R. A. 73), it was held that the rule of caveat emptor, applicable to all judicial sales, is not only recognized by many decisions of the Supreme Court but is expressly declared by statute. In *Worthy* v. *Johnson,* 8 *Ga.* 236 (52 Am. D. 399), it was stated that caveat emptor is the best possible rule that can be laid down as to judicial sales, that all who attend such sales ought to take care and examine into the title, etc., that no warranty express or implied can be raised on the part of the owner, as to whom the proceeding is compulsory, nor of the sheriff, who is the mere agent of the court, nor of the court itself, and that the purchaser is compelled to pay the money bid at such sale, notwithstanding any defect in the title. "Where property of a defendant in execution is seized and sold by the sheriff, and there is no warranty of title on the part of the defendant in execution, or the sheriff, the maxim of caveat emptor applies to the purchaser of property at sheriff's sale." *McWhorter* v. *Beavers,* 8 *Ga.* 300. In *Brooks* v. *Rooney,* 11 *Ga.* 423, 427 (56 Am. D. 430), our Supreme Court adopted the rule laid down by the United States Supreme Court in 4 Wheaton, 503, as to caveat emptor, regarding a purchaser at a judicial sale, and made such purchaser at a sheriff's sale bound to look to the "judgment, the levy and deed." *Overby* v. *Hart,* 68 *Ga.* 493. The court in that case said that in execution sales by a sheriff the purchaser was required to look to and notice the judgment, levy, and deed, and that "Caveat emptor is not to be applied to him in any other conduct of the officer or other authority to sell and convey."

The doctrine of caveat emptor relative to judicial sales was followed or recognized in *Conley* v. *Redwine,* 109 *Ga.* 640, 645 (35 S. E. 92, 77 Am. St. R. 398) ; *Parr & Wood Furniture Co.* v. *Bar-*

*nett,* 16 *Ga. App.* 550 (85 S. E. 823) ; *Fitzgerald Granitoid Co.*
v. *Alpha Portland Cement Co.,* 15 *Ga. App.* 174 (82 S. E. 774) ;
*Hill* v. *Kitchens,* 39 *Ga. App.* 789 (148 S. E. 754) ; *Johnson* v.
*Reese,* 28 *Ga.* 353, 356 (73 Am. D. 757) ; *Kenner* v. *Connally,* 22
*Ga. App.* 94 (95 S. E. 308) ; *Dotterer* v. *Pike,* 60 *Ga.* 29, 30;
*Pinkston* v. *Harrell,* 106 *Ga.* 102, 104 (31 S. E. 808, 71 Am. St.
R. 242) ; *Methvin* v. *Bexley,* 18 *Ga.* 551. In *Keen* v. *McAfee,*
116 *Ga.* 728, 731 (42 S. E. 1022), the Supreme Court, in dealing
with a void judicial sale, held that in all judicial sales in Georgia
the doctrine of caveat emptor applies, that the purchaser at such
a sale must at his peril ascertain that the officer making the sale
has competent authority to sell under prescribed forms, that such
purchaser can not repudiate his bid where there is a defective title
or no title at all, unless there is fraud, and that a purchaser at such
a sale is bound to look to the judgment, the levy and the deed.
"The law presumes that every public officer performs his duty;
and all the purchaser at a sheriff's sale has to look to is the title of
the defendant in execution and the authority of the officer to sell."
*Solomon* v. *Peters,* 37 *Ga.* 251 (3) (92 Am. D. 69) ; *Gower* v.
*New England Mortgage Security Co.,* 152 *Ga.* 822 (111 S. E.
422) ; *Conley* v. *Redwine,* supra. The officer gets his authority to .
sell the lands of the defendant in execution by virtue of the judg-
ment, the execution issuing thereon, and the levy of the execution
upon the lands of the defendant. The purchaser at an execution
sale, in looking to the authority of the officer to sell, must of neces-
sity look to the judgment and the levy. Corpus Juris states that
while the doctrine of caveat emptor has its legitimate force and
effect in precluding any idea of a warranty by the defendant in
execution or by the sheriff who sells property under an execution
in his hands, yet in some jurisdictions it has application where a
purchaser acquires no title to the property sold. 23 C. J. 778,
§ 833, citing *Methvin* v. *Bexley,* 18 *Ga.* 551.

Ordinarily the bona fide purchaser at a sheriff's sale under a
valid execution takes just what title the defendant in execution has,
no more and no less; but, as stated, a judicial sale which is declared
void passes no title to the purchaser. *Walters* v. *Taylor,* 19 *Ga.
App.* 822 (92 S. E. 352) ; *Rogers* v. *Smith,* 146 *Ga.* 373 (91 S. E.
414) ; 23 C. J. 746, § 789. So the doctrine of caveat emptor is
applicable where the purchaser at a sheriff's sale gets a defective

title, and also where no title to the property sold passes to the purchaser, the sheriff's sale being void on account of a grossly excessive levy. This is true in Georgia, although the rule prevailing in many other jurisdictions seems to be that the doctrine of caveat emptor "has its legitimate force and effect in precluding any idea of a warranty," and that it is not applied strictly to void judicial sales. Note, 68 A. L. R. 681.

In *Forbes* v. *Hall*, 102 *Ga.* 47 (28 S. E. 915, 66 Am. St. R. 152), it was held that the sale under the execution was void on account of an excessive levy, and that such a levy is no authority to sell, and therefore it is immaterial who the purchaser is, he gets no title. *Conley* v. *Redwine*, supra. In *Morris* v. *Davis*, 75 *Ga.* 169, 174, there was a grossly excessive levy and the sale was declared void. The Supreme Court said that while an innocent purchaser for value is protected from irregularities, yet where the levy is excessive, the sale is illegal, and no title passes to the purchaser, that the purchaser at all judicial sales depends upon the judgment, the levy, and the deed, and that the purchaser must see to these and guard himself against illegality. In *Melhvin* v. *Bexley*, supra, a bill in equity, brought against the sheriff, the defendant in execution, and the plaintiff in execution, by a purchaser at the sheriff's sale who had paid the sheriff the purchase-price and could not get possession, because the defendant in execution had no title, was dismissed on the ground that the doctrine of caveat emptor applied, and there were no allegations in the bill as to any fraud.

In the present case the proceeds received by the sheriff from the purchaser at the sale had been paid over to the plaintiff in execution in extinguishment of the debt of the defendant in execution. Corpus Juris lays down the rule that "In case of failure of title, or where the sale is set aside on account of irregularities in the proceedings which render it void, a bona fide purchaser is entitled to recover the purchase-price from the officer, *if the funds are still in his hands.*" 23 C. J. 779, § 834. One of the cases cited to sustain this rule is Hightower *v.* Handlin, 27 Ark. 20. Also there are cases where the purchaser may be subrogated and recover from the debtor the amount which his debt has been decreased. 23 C. J. 779, § 835. And it has been held in other jurisdictions that if a sale is void for the reason that it is founded on a void judgment, one who purchased at the sale without knowledge of such invalidity

can recover from the judgment creditor, if he has received the purchase-price paid by him and for which the purchaser received nothing. 23 C. J. 780, § 836. In *Edenfield* v. *McLeod*, 66 *Ga.* 11, it was held that "When a purchaser buys at sheriff's sale under an execution in his favor as administrator, and he is subsequently ejected by the defendant in fi. fa. because the sale was had under a void execution, he can not maintain a bill in equity against the holder of a senior execution to which the money was applied, the defendant in execution, and the sheriff, for the purpose of compelling them to refund the amounts they respectively received of the proceeds of the sale, by simply alleging fraud and collusion in withdrawing the older fi. fa. from the hands of the sheriff prior to the sale, thus resulting in a sale under the junior process, which was void."

It is true that a purchaser at a judicial sale who has paid money upon the faith of proceedings regular upon their face occupies the status of a purchaser in good faith. *Stevens Hardware Co.* v. *Bank*, 34 *Ga. App.* 268 (129 S. E. 172). In some cases, such as where there has been fraud and misrepresentation, hidden or secret equities and claims, an innocent purchaser at a sheriff's sale is to some extent protected. *Thompson* v. *Selcer*, 142 *Ga.* 809, 811 (83 S. E. 965); *Edenfield* v. *Rountree*, 33 *Ga. App.* 444 (126 S. E. 731). In some instances he is subrogated to the rights of the execution creditor against the execution debtor. See *Askew* v. *Patterson*, 53 *Ga.* 212; *Hamilton* v. *Rogers*, 126 *Ga.* 27 (54 S. E. 926); *Ashley* v. *Cook*, 109 *Ga.* 659 (35 S. E. 89); *Rogers* v. *Smith*, supra. However, in *Carithers* v. *Venable*, 52 *Ga.* 389, dealing with a sale based upon a judgment against a defendant in attachment, it was said: "If there was no notice the judgment was void, and the sale void. The purchaser took nothing. A purchaser is protected against an irregular judgment, but not a void judgment." In *Southern Cotton Mills* v. *Ragan*, 138 *Ga.* 504 (75 S. E. 611), it was held that in judicial sales, where the maxim of caveat emptor applies, "The purchaser must look for himself as to the title and soundness of the property sold. . . Such sales are by the court, and there is no one to go back on if the buyer takes nothing." It was held in *McWhorter* v. *Beavers*, 8 *Ga.* 300, that the purchaser at a sale under execution can not maintain an action against the defendant in execution for so much money paid to his use on fail-

ure of title to the property so purchased. Also, it has been held that a purchaser at a judicial sale must comply with his bid, whether the property offered for sale is the property of the defendant in execution or not. *Pinkston* v. *Harrell*, supra. In *Shaw* v. *Walker*, 25 *Ga. App.* 642 (104 S. E. 23), it was not held that an action at law may be maintained by the purchaser at a void sheriff's sale against the sheriff after he has paid the proceeds over to the plaintiff in execution. In *Davis* v. *Comer*, 108 *Ga.* 117 (33 S. E. 852, 75 Am. St. R. 33), cited and relied upon in the *Shaw* case, it was properly held that a sheriff's sale of land under a dormant fi. fa. was absolutely void, just as much so as if there had been no judgment whatever against the defendant in execution, and no process in existence authorizing the sheriff to seize and sell the property of the defendant in execution. However, in that case it was not held that the purchaser at such a sale could have sued the sheriff for the return of his money after it had been paid over to the plaintiff in execution. Moreover, when one buys property at an execution sale the purchase-money is not considered the funds of the purchaser, but the money of the defendant in execution. *Lowe* v. *Rawlins*, supra. In *Corley* v. *Jarrell*, 36 *Ga. App.* 225 (136 S. E. 177), it was not held that the purchaser at a void sheriff's sale can recover his money back from the sheriff after he has paid it over to the plaintiff in execution. The cases cited in the *Corley* case are not authority for holding that in a case like the one under review the doctrine of caveat emptor is not applicable.

The ruling made in this case, that an action at law can not be maintained by the purchaser at a sheriff's sale which has been declared void because of a grossly excessive levy, against the sheriff who conducted the sale, the purchase-money having been paid over by him to the plaintiff in execution, is in accord with the doctrine of caveat emptor as applied in this State.

It follows that the question for determination in this case is properly answered in the negative, and therefore the trial judge erred in directing a verdict for the plaintiff purchaser in this case against the sheriff for the purchase-money paid at the sale, and the court erred in denying the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J. concurs. Stephens, J., dissents.*

JENKINS, P. J., concurring specially. The authorities have been

well and exhaustively presented in the majority opinion, in which judgment I concur. The only reason I feel constrained to add anything to what has been there said is that I believe the ruling in *Shaw* v. *Walker*, 25 *Ga. App.* 642 (supra), should either be more fully distinguished, or else be overruled. Precedents as made by decisions being for guidance in the conduct of subsequent trials, we should be ever ready to set our own house in order, so that no trial court may be in doubt as to what rule the appellate court has adopted.

Whatever might be the distinction recognized by some authorities between "judicial sales" and "sales under execution," the rule in this State seems well established that the doctrine of caveat emptor applies with equal force to each. Our dissenting brother in terms recognizes that the doctrine of caveat emptor applies to a purchaser at a sheriff's sale. Accordingly, whatever the rule of caveat emptor must be taken to mean under the statutes and decisions of Georgia, the doctrine, if otherwise applicable, must be given effect in this case. The Code sections cited by the writer of the majority opinion (Code of 1933, §§ 39-1307, 39-1311) seem controlling. In the absence of "actual fraud or misrepresentation" by the sheriff (§ 39-1307), the purchaser is bound "to see that the officer has competent authority to sell" (§ 39-1311), or, as was said in *Solomon* v. *Peters*, 37 *Ga.* 251 (supra), it devolves upon him to look to "the title of the defendant in execution, and the authority of the officer to sell." If an attempted judicial sale is void, the ruling in *Corley* v. *Jarrell*, 36 *Ga. App.* 225 (136 S. E. 177), goes only to the effect that the doctrine of caveat emptor can not be applied to coerce payment of the purchase-price, if it remains unpaid. In such a case the law leaves the parties where it finds them. The contention in this case, however, arises, not in an effort to require the purchaser at a void judicial sale to consummate such a nullity by paying over the purchase-money, but in an effort to make the sheriff personally reimburse the purchaser in the amount paid, where the fund has been turned over to the plaintiff in fi. fa., and where, although the sale was void on account of the levy being excessive, there is no contention that the officer was guilty of fraud or misrepresentation. Does the doctrine of caveat emptor apply in a case of this sort? It being the duty of the purchaser to look for himself in order to see that the officer has "com-

petent authority to sell" (§ 39-1311), looking not only to the chain of title to the property sold, but, as has been often expressed, the "judgment, the levy, and the deed" (*Morris* v. *Davis,* 75 *Ga.* 169), does such a purchaser have the right, after it has been ascertained that the levy was excessive and the sale as fully executed therefore void, to look thereafter, not to the levy, as was his duty, but to the sheriff personally to reimburse him? Can there be any sound reason why the doctrine of caveat emptor should not be given application where the defect in his title arises out of the invalidity of a consummated judicial sale at which he became the purchaser, more than it would if some previous sale in the chain of title had been void? The Code (1933), § 39-1307, which deals with the doctrine of caveat emptor, and wherein the levying officer is expressly relieved from personal liability except where he is guilty of actual fraud, does not impose upon the purchaser the duty of looking merely to the title of the defendant in fi. fa., but he must look to the title he is purchasing, and by the Code, § 39-1311, he is expressly bound to see "that the officer has authority to sell."

Our dissenting brother does not think that a case like this makes the doctrine applicable. He thinks that perhaps the doctrine of estoppel might preclude a recovery where the purchaser is shown to have had equal knowledge with the sheriff as to the defect. Our Code, however, under the title of caveat emptor and in dealing with that subject expressly relieves the officer of personal liability, except where he is guilty of actual fraud or misrepresentation. The purchaser is warned by the law to look for himself at the officer's competent authority to sell. In the language of the *Solomon* case, he is to look both to "the title of the defendant in execution, and the authority of the officer to sell." Such being the duty imposed, he in law knows as much about the levy as the sheriff does, and in this sense the doctrine of caveat emptor as related to the non-liability of the sheriff might be said to be grounded upon the doctrine of estoppel. See *Forbes* v. *Hall,* 102 *Ga.* 47, 48, 49 (supra). But to get back to the case of *Shaw* v. *Walker,* supra, which furnished the occasion of this special concurrence, was that decision correct? In my opinion it was. In view of the statement by Judge Stephens that a present examination of the record in that case discloses that the purchase-price had been paid to the sheriff and by him in turn to the plaintiff in fi. fa., it would not

seem so, provided the sale in that case could be properly termed a judicial sale. This I do not think it was. In that case the levy was made under a fi. fa. dormant on its face. The sale was more than void; it was not a judicial sale at all, and the doctrine of caveat emptor applies only to judicial sales. As was said in *Davis* v. *Comer,* 108 *Ga.* 117, 119 (supra), a sale under a dormant fi. fa. is just as "if there had been no judgment whatever against the defendant, and no process in existence authorizing the sheriff to seize and sell any of his property." Surely, if, just because a person happens to be sheriff, he presumes without any sort of authority to levy upon the property of another and proceeds to sell it, such a procedure could not be properly designated a "judicial sale." In the *Shaw* case it was just as if a person who held the office of sheriff had levied on another's property by virtue of a plain promissory note. The sale not being a judicial sale, the statutes given effect in the instant case, governing the non-liability of the levying officer under the doctrine of caveat emptor, except where guilty of actual fraud or misrepresentation, did not apply, and in my opinion the conclusions arrived at in that case and in the instant case are both correct.

STEPHENS, J., dissenting. Notwithstanding the doctrine of caveat emptor applies to a purchaser at a sheriff's sale (Code of 1933, § 39-1307), it does not apply where the sale is void and the purchaser, by reason of the invalidity of the sale, upon the ground of a void levy, or otherwise, acquires no title. In *Corley* v. *Jarrell,* 36 *Ga. App.* 225 (136 S. E. 177), it was held that where a sheriff's sale was void by reason of an invalid levy, the purchaser was not liable upon his bid. The court there expressly stated that "the levy and sale being void, the doctrine of caveat emptor is inapplicable." See also 23 C. J. 655, § 623. Under the doctrine of caveat emptor the buyer is bound to take notice of the amount and nature of the interest which he is about to buy and can not hold the seller to a warranty of title or quality. See Broom's Legal Maxims (9th ed.), 501; Rorer on Judicial and Execution Sales (2d ed.), 77; 11 C. J. 43, 44. Where there is no sale, there can be no application of the doctrine of caveat emptor. As I see it, there is nothing contrary to this in any of the authorities cited in either of the opinions of my colleagues, including Code of 1933, §§ 39-1307, 39-1311, Wheaton *v.* Sexton, 4 Wheat. (U. S.) 503 (4 L. ed. 626),

*Brooks* v. *Rooney,* 11 *Ga.* 423, and *Solomon* v. *Peters,* 37 *Ga.* 251. A purchaser at an execution sale, in order to obtain whatever title the defendant in fi. fa. has, "depends upon the judgment, the levy, and the deed." These are the essentials of a valid sale divesting the title of the defendant in fi. fa. Where any one of these essentials is lacking, the purchaser obtains nothing. If he pays his money over, he buys nothing. He does not, by the application of the doctrine of caveat emptor, stand to lose the money which he has thus paid. It is only where the sale is valid and the purchaser has obtained whatever title the defendant in fi. fa. has that the purchaser, upon an application of the doctrine of caveat emptor, can be held to his bargain. In *Methvin* v. *Bexley,* 18 *Ga.* 551, where it was held that a purchaser at an execution sale, after the title of the defendant in fi. fa. had failed and the purchaser had been forced to give up possession, could not recover of the sheriff the purchase-money which had been paid, there was presented no question as to the invalidity of the sale. That decision stands for . the doctrine that where an execution sale is valid, the purchaser obtains whatever title the defendant in fi. fa. had, and, upon an application of the doctrine of caveat emptor, is bound to his contract and can not recover the purchase-money which he paid to the sheriff. In that case, which was a suit by the purchaser against the sheriff, to recover the money, it was expressly stated in the opinion of the court that the petition contained "no allegation going to show the perpetration of any fraud on the purchaser, or going to show the invalidity of the judgments on which the fi. fas. were founded," but that "the only thing it complains of is that the defendant in the fi. fas. had no title to the property sold under the fi. fas. and purchased by the complainant."

Freeman, in his work on Void Execution, Judicial, and Probate Sales (3d ed.), in sections 48 and 49, has this to say: "The distinction between void sales and defective titles must be kept in view, to avoid any misapprehension of the rights of one who has purchased at an execution or judicial sale, without, in fact, obtaining anything. If he obtains nothing because of a defect in the proceedings, he can defeat an action for the amount of his bid. If, on the other hand, the proceedings are perfect, but the defendant, or ward, or decedent, had no title to be sold nor conveyed, the purchaser is nevertheless bound by his bid, if he has permitted an

order of confirmation to be entered against him, without objection; or if, notwithstanding his objections, such order has been entered and remains in force.  In some of the States caveat emptor is the rule of all execution and judicial sales.  Each bid is made for such title as the defendant, ward, or decedent may have, and is therefore binding, whether either had title or not.  .  .  Whoever pays out money on account of a purchase made at a void sale parts with a valuable consideration, for which he acquires nothing.  .  .  If the title fails through defects in the proceedings, arising from the neglect or misconduct of the sheriff, the purchaser can sustain an action on the case against that officer."  In support of the last proposition he cites the case of Sexton *v.* Nevers, 20 Pick. (Mass.) 451 (32 Am. D. 225), wherein it was held that where an officer neglects to properly levy upon, advertise, or sell property on execution, whereby the purchaser loses title, he is liable to such purchaser.

Section 39-1307 of the Code of 1933 is but an application of the doctrine of caveat emptor to execution sales such as sales by a sheriff.  It does not extend the application of the doctrine to void sales made under judicial process, but simply applies the doctrine to the sales referred to and places the burden upon the purchaser to look for himself as to the title and the soundness of the property. It does make the levying officer liable for actual fraud.  This might be the case where the levy is void.  In any event this section does not expressly limit the levying officer's liability.

The provision contained in section 39-1311 of the Code of 1933 that "an innocent purchaser [at a judicial sale] is bound only to see that the officer has competent authority to sell, and that he is apparently proceeding to sell under the prescribed forms," means, as I construe it, that all that is essential to pass title to an innocent purchaser is that the officer has competent authority to sell and is apparently proceeding to sell under the prescribed forms.  Where these conditions appear, the innocent purchaser obtains whatever title may be existent in the defendant in execution.  This provision does not mean that a purchaser who acquired no title because of a lack of authority in the levying officer to sell the property and the sale was therefore void, and who had for this reason lost the property after he had paid the purchase-money therefor to the levying officer, is, upon an application of the doctrine of caveat emptor, bound for the purchase-money and that after having paid the money

to the sheriff the purchaser is precluded from recovering it from him, notwithstanding the sheriff may have paid the money over to the plaintiff in fi. fa. See *Wallace* v. *Trustees,* 52 *Ga.* 164; *Forbes* v. *Hall,* 102 *Ga.* 47 (28 S. E. 915). Any disability resting upon the purchaser to recover of the levying officer must be predicated upon some other legal principle than that of caveat emptor. I do not understand that this provision of the code section as a matter of law charges the purchaser at a judicial or execution sale with notice of the invalidity of the sale by reason of a void levy or otherwise, and that he would therefore by reason of such notice be estopped as a matter of law from recovering from the levying officer. The purchaser might be estopped from recovering from the levying officer where the purchaser had knowledge of the invalidity of the sale or had equal means with the levying officer of knowing of such invalidity and therefore made a voluntary payment with knowledge of the facts. See State *v.* Prime, 54 Ind. 450, and Schwinger *v.* Hickok, 53 N. Y. 280.

There is a distinction between a judicial sale and a sale under execution. A judicial sale is one made by the court and under its authority, while an execution sale, such as a sale by a sheriff, is one made by an officer under process and in accordance with the requirements of law. In many cases a distinction is made between the application of the doctrine of caveat emptor to judicial sales and to sales under execution. It is not always applied to judicial sales. See 35 C. J. 75, 76; 23 C. J. 615; Rorer on Judicial and Execution Sales (2d ed.), 69, 70; Freeman on Void Execution, Judicial and Probate Sales (3d ed.), § 49.

In *Shaw* v. *Walker,* 25 *Ga. App.* 632 (2) (104 S. E. 23), it was held that where a sheriff's sale was made upon a levy of a dormant fi. fa., the sale was a nullity and the purchaser acquired no title to the property sold and could therefore recover from the sheriff the purchase-money which had been paid him. It did not appear there that the sheriff had not paid the money to the plaintiff in fi. fa., but the record indicates that the money had been so paid. This case seems to be controlling. In Hightower *v.* Handlin, 27 Ark. 20, it was held that "where the judgment of a court, or an execution issued thereon, is declared void, by competent authority, the purchaser, under such sale, takes nothing, but would have recourse upon the sheriff, who made the sale, for the money paid at it." It

does not appear there that the sheriff had not paid the money to the plaintiff in fi. fa., but the record there indicates that the money had been paid to the plaintiff in fi. fa. See 57 C. J. 858; McGhee *v. Ellis,* 14 Am. D. 124 (4 Litt. (Ky.) 244).

An excessive levy is absolutely void, and a sale thereunder passes no title to the property sold. Such sale is not merely voidable, but is void. Its invalidity can be established collaterally. *Roser* v. *Georgia Loan & Trust Co.,* 118 *Ga.* 181 (44 S. E. 994) ; *McKenzie* v. *Pound,* 121 *Ga.* 708 (49 S. E. 689).

I therefore can not concur in the judgment of reversal where it is based upon the ground that, upon the application of the doctrine of caveat emptor, a purchaser at a void sheriff's sale, where he has lost the property by reason of the invalidity of the sale, can not recover of the sheriff the amount of the purchase-money paid, notwithstanding the sheriff may have paid the money over to the plaintiff in fi. fa.